MILLARD J. REVIS v. THE CITY OF ASHEVILLE.

(Filed 31 October, 1934.)

**1. Pleadings I a—Allegation held to be one of probative fact and not of ultimate fact, and was properly stricken out on motion.**

Plaintiff brought suit against defendant city to recover for personal injuries sustained by plaintiff by reason of the alleged negligence of the city in the construction, operation, and maintenance of a municipal swimming pool. Issue was joined in the pleadings as to whether the city, in the construction, operation, and maintenance of the pool, was engaged in a business enterprise for profit or in the performance of a governmental function. Plaintiff's allegation in his reply to the effect that the city carried accident and liability insurance on the pool and other recreational features of the municipal park was stricken out upon motion under C. S., 537, and plaintiff appealed: *Held*, the allegation as to the city carrying accident and liability insurance was an allegation of an evidential and probative fact and not of a material, essential, or ultimate fact, and there was no error in the trial court's ordering it stricken out.

**2. Same—**

Whether evidence in support of an allegation would be competent upon the trial does not determine plaintiff's right to have it stricken out upon motion under C. S., 537, the test being whether the allegation is of a probative or of an ultimate fact.

**3. Appeal and Error J g—**

Upon an appeal from an order striking out an allegation in the reply, affirmed upon the ground that the allegation was of a probative and not an ultimate fact, the Supreme Court will not decide the competency of evidence upon the trial in support of such allegation.

APPEAL by plaintiff from an order of *Finley, J.,* at July Term, 1934, of BUNCOMBE, allowing motion of the defendant, made in apt time, to have stricken out certain allegations in the reply of the plaintiff, under the provisions of C. S., 537. Affirmed.

This is a civil action for damages instituted in the general county court of Buncombe, wherein the plaintiff in his complaint alleges that he was injured by the negligence of the defendant in the construction, operation and maintenance of a swimming pool in a recreation park, and further alleges that the city operated said pool in said park "as a business enterprise for the purpose of deriving to itself revenue and profits, and in competition with and in the same manner as the owners of other privately owned and operated parks and swimming pools in the vicinity, . . . and has at all times charged an admission fee for entrance to and use of said swimming pool, . . . and did so derive a profit in the sum of $2,788.21 in the year commencing July, 1932. . . ."

The defendant in its answer denies the allegation of negligence; and also denies that it has ever operated and maintained a swimming pool in

a recreation park as a business enterprise for the purpose of deriving revenue and profits for itself, or for the purpose of competing with other swimming pools in the vicinity; and in its further defense alleges that "the city of Asheville, through its lawful authorities and in the exercise of its governmental functions as a municipal corporation, ac-. quired, established and constructed a recreation park near its corporate limits, and in the exercise of its governmental functions and prerogatives operated and is now operating said recreation park for the amusement, entertainment and recreation of its citizens and residents, and to promote the health and welfare of its people; that in connection with said park the city maintains, as a section or one of the principal features thereof, where it has on display, free of any charge, a large number of rare animals, fowls and reptiles, as well as many other interesting features which are free to the public, and in connection with which there is no service charge to individual members of the public; . . . that in addition to the many other amusement features of said park the defendants, in its capacity as a municipal corporation and in the exercise of its governmental functions and prerogatives, constructed and maintains a swimming pool in said recreation park; that said swimming pool was constructed and has been maintained and is being operated in season for the use and benefit of the public of the city of Asheville, and for the recreation, entertainment and health of the public of said city; . . . that the construction of said pool, and the operation of the same, was not for profit, and the charge made for the use of the same was intended to cover only the actual expenses to the city for the operation of said pool, and for providing the incidental privileges connected therewith, such as locker and locker-room, shower bath and facilities of this kind, . . . and that the city of Asheville, in the construction, maintenance and operation of said pool, was engaged in the performance of a governmental function having for its purpose the promotion of the health and welfare of its people; that in so doing it was exercising its lawful governmental rights and duties as a municipal corporation, and the defendant is advised and believes that it is in no way responsible for any injury the plaintiff may have sustained, and is in no way liable to the plaintiff for any damage resulting therefrom."

The plaintiff, in his reply, alleges that the defendant "at the time and times hereinbefore mentioned operated the same (the swimming pool) as a business or commercial enterprise and not as a governmental function of said city of Asheville; that in connection with said park and in the operation of the same at the time and times hereinbefore mentioned, the said city of Asheville as a business enterprise operated for profits various and sundry amusement facilities and enterprises, includ-

ing ferris wheels, merry-go-rounds, skating rinks, swimming pool, dance pavilion, a lake for boats and boating, and refreshment stands, for the use and enjoyment of each and every of said aforementioned amusement facilities or enterprises the said city of Asheville demanded and received from the public cash payment for the use and enjoyment thereof by the public, and in the entire confines of said park the only portions, facilities or devices thereof for which no charge was made to the public was a zoo, picnic grounds and walks and driveways"; and that the defendant "was not engaged in a governmental function, but was engaged in a business enterprise, in that, in addition to the fees charged for use of said pool and the fees charged for participating in the enjoyment of the other amusement facilities in said park, as alleged in the complaint, the said city of Asheville procured, kept and maintained in full force and effect accident liability insurance upon the various amusement devices and facilities maintained and operated in said park, and particularly carried in full force and effect accident liability insurance upon the said swimming pool, which said accident liability insurance was such insurance that is commonly and generally known as public liability insurance and is a matter of public record in the office of the city clerk of the city of Asheville."

In the general county court the defendant moved to have stricken from the reply the allegation to the effect that the city carried accident and liability insurance upon the various amusement devices and facilities, particularly the swimming pool, and the motion was there denied and the defendant appealed to the Superior Court. The judge at term time reversed the ruling of the county court and, in the exercise of his discretion, ordered stricken from the reply the allegation to the effect that the city carried accident and liability insurance, and remanded the case to the county court for trial. To the order of the judge of the Superior Court the plaintiff excepted and appealed to this Court, assigning errors.

*Lucile McInturff, Vonno L. Gudger, and J. Y. Jordan, Jr., for appellant.*

*Clarence E. Blackstock and Harkins, Van Winkle & Walton for appellee.*

SCHENCK, J. The issuable fact arising upon the pleadings in this case, pertinent to this appeal, is whether the defendant, the city of Asheville, in its construction, operation, and maintenance of a swimming pool in a recreation park, was engaged in a business enterprise for profit or in the performance of a governmental function. Whether the defendant carried accident and liability insurance upon its amusement devices

and facilities, particularly the swimming pool, was no more than a probative fact, the allegation of which the judge, in the exercise of his discretion, could order stricken from the pleadings.

*Judge Walker,* in *Winders v. Hill,* 141 N. C., 694 (702), says: "The function of a complaint is not the narration of the evidence, but a statement of the substantive and constituent facts upon which the plaintiff's claim to relief is founded. The bare statement of the ultimate facts is all that is required, and they are always such as are directly put in issue. Probative facts are those which may be in controversy, but they are not issuable. Facts from which the ultimate and decisive facts may be inferred are but evidence, and therefore probative. Those from which a legal conclusion may be drawn and upon which the right of action depends are the issuable facts which are proper to be stated in a pleading. The distinction is well marked in the following passage: 'The ultimate facts are those which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts.' *Wooden v. Strew,* 10 How. Pr., 48; 4 Enc. of Pl. and Pr., p. 612."

"If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby . . ." C. S., sec. 537. Under this statute the Superior Court is authorized in the exercise of its discretion to strike from a pleading any allegations of purely evidential and probative facts. *Commissioners v. Piercy,* 72 N. C., 181. In McIntosh, N. C. Prac. and Proc., we find the following: "Allegations which set forth evidential . . . matters . . . would be considered irrelevant, . . . and excessive fullness of detail . . . would be redundant." Sec. 371, p. 378; and further: "The material, essential, or ultimate facts upon which the right of action is based should be stated, and not collateral or evidential facts, which are only to be used to establish the ultimate facts. The plaintiff is to obtain relief only according to the allegations in his complaint, and therefore he should allege all of the material facts, and not the evidence to prove them. . . ." Sec. 379, p. 388.

We conclude that the allegation in the reply that the defendant carried accident and liability insurance upon its amusement devices and facilities, particularly the swimming pool, was an allegation of an evidential and probative fact and was in no wise an allegation of a material, essential, or ultimate fact upon which the plaintiff's cause of action was based, and that there was no error in his Honor's ordering it stricken out.

The plaintiff in his brief takes the position that since it may be competent to introduce evidence of the fact that the defendant carried accident and liability insurance on its amusement devices and facilities, par-

ticularly the swimming pool, as tending to show that said pool was not operated as a governmental function, it follows that it would be proper pleading to allege such fact. We do not understand this to be the rule. However, we do not here pass upon the competency of any evidence that may be introduced at the trial of this cause tending to show that the defendant carried accident and liability insurance. It is easily conceivable that upon an issue involving the question as to whether the city was operating the swimming pool in a recreation park as a business enterprise for profit or in the performance of a governmental function such evidence may be competent. If and when the question of the competency of such evidence arises it will be passed upon and determined in the light of such other evidence as may be introduced. The competency of such evidence does not depend upon the allegation which has been stricken from the reply, since the fact as to whether the city carried accident and liability insurance would be only a probative fact and not an issuable fact.

Affirmed.