ELEANOR G. HILDEBRAND v. SOUTHERN BELL TELEPHONE AND
TELEGRAPH COMPANY.

(Filed 27 September, 1939.)

1. **Trespass § 3: Pleadings § 29—Upon motion to strike, the court will not attempt to plot the course of the trial.**

   Plaintiff instituted this action for trespass against defendant telephone company upon the ground that an additional burden had been imposed on plaintiff's land abutting a highway by the erection of defendant's poles and wires. *Held:* The allegations of defendant's answer setting up as defenses the provision of C. S., 1695, and regulations of the State Highway Commission were improperly stricken upon plaintiff's motion, since the defenses may or may not become material at the trial, and since the court will not attempt to plot the course of the trial upon a motion to strike, but will ordinarily leave the matter for determination by rulings upon the evidence.

2. **Pleadings §§ 12, 29—**

   A reply should be limited to a denial of any new matter set up in the answer, and defendant's motion to strike out matter beyond the scope of such denial should be allowed.

APPEAL by defendant from *Pless, Jr., J.,* at January Term, 1939, of BUNCOMBE. Modified and affirmed.

*Sanford W. Brown and J. W. Haynes for plaintiff, appellee.*
*J. G. Merrimon for defendant, appellant.*

DEVIN, J. The only questions presented by the appeal relate to the rulings of the court below on motions to strike certain allegations from the pleadings. Motions were made originally in the general county court of Buncombe County, where the cause was instituted, to strike certain allegations from the defendant's further answer and defense, and to strike certain allegations from plaintiff's reply. By appeal these motions were heard by the judge of the Superior Court, and the defendant appellant now assigns as error the ruling of the Superior Court in sustaining the county court's order striking out the third and fourth

sections of the defendant's further answer and defense, and in refusing to strike out certain portions of the plaintiff's reply.

Without undertaking here to quote the offending allegations, it may be said briefly that the plaintiff's action is to recover damages for trespass, upon the ground that an additional burden has been imposed upon plaintiff's land abutting on a highway by the erection of defendant's poles and wires along the highway in front of plaintiff's land. The defendant, among other defenses, quotes C. S., 1695, and sets out at length allegations raising the defense that it is relieved of any liability by the statute as well as by regulations of the State Highway Commission.

This Court has said that it would not undertake to chart the course of the trial in deciding motions to strike allegations from pleadings (*Pemberton v. Greensboro*, 205 N. C., 599, 172 S. E., 196), and that ordinarily the test of relevancy of a pleading was the right of the pleader to offer evidence of facts to which the allegations relate. *Trust Co. v. Dunlop*, 214 N. C., 196. However, without intimating an opinion upon the sufficiency as a defense of the matters set up in the paragraphs of the further answer which were ordered stricken out, or deciding their legal effect, we think the allegations should be permitted to remain in defendant's pleading, and that the court should not cut off at the outset an alleged defense which may or may not become material at the trial. The matter can be more properly presented for judicial determination when the evidence is offered at the hearing. We do not decide the ultimate questions raised by plaintiff's motion to strike, nor express any opinion on the merits. While the allegations of defendant's further answer and defense are set out at some length, we cannot say that the prodigality of the pleadings should constitute ground for their elimination. *Revis v. Asheville*, 207 N. C., 237, 176 S. E., 738.

The defendant's motion to strike certain portions of plaintiff's reply was properly allowed, and we also think the ruling applied to paragraphs 8, 9 and 10 should have been extended to the other paragraphs of the reply. The reply should be limited to a denial of any new matter set up in the answer. *Revis v. Asheville, supra; Wadesboro v. Coxe*, 215 N. C., 708.

We conclude that portions of the defendant's further answer and defense were improperly stricken out, and that the allegations of the reply containing matters beyond the scope of a denial of the allegations of the answer should have been eliminated.

Except as herein modified, the judgment of the Superior Court is affirmed.

Modified and affirmed.