SALLY HERNDON v. MRS. JOHN M. MASSEY, MRS. JOHN C. KILGO, JR., MRS. WILSON WALLACE, MRS. JOE BLYTHE. MRS. CARRIMAE BAILEY, MRS. B. E. BARTHOLOMEW, MRS. C. S. BRITT, MRS. GERALD A. COOPER, MRS. FRANCIS CLARKSON, MRS. W. AUBREY DAVIS, MRS. ERNEST FRANKLIN, JR., MRS. THAD L. HARRISON, MRS. DONALD FOLLMER, MRS. GARY HEESEMAN, MRS. CHARLES C. LUCAS, MRS. THOMAS F. KERR, MRS. W. E. MEARES, MISS HATTIE McRAE, MRS. J. J. PIERCE, MRS. E. W. NICOLL, MRS. CLAUDE SQUIRES, MRS. CLYDE STANCILL, MRS. W. B. SULLIVAN, MISS GLADYS TEMPLETON, MRS. HARRY WINKLER, MRS. H. B. WOLFE, MRS. LLOYD WITHERS, JR., AS DIRECTORS AND TRUSTEES OF THE YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF CHARLOTTE, NORTH CAROLINA.

(Filed 22 May, 1940.)

**1. Charities § 4—**

A person injured while enjoying the benefits provided by a charitable institution may not hold the institution liable for the negligence of its

agents or employees if the institution has exercised reasonable, care in their selection and retention.

**2. Pleadings § 29—**

Allegations in plaintiff's reply to new matter set up in the answer are properly stricken out upon motion when evidence in support of such allegations would not be competent upon the hearing, C. S., 537, and a motion to have irrelevant matter stricken from a pleading is a matter of right and does not rest in the trial court's discretion.

**3. Charities § 4—**

The fact that a charitable institution procures insurance indemnifying it for liability does not enlarge its liability for negligence of its agents or employees.

**4. Pleadings § 29—Allegations that charitable institution had obtained indemnity insurance held irrelevant in action against it for negligent injury.**

Since a charitable institution is liable to a person enjoying the benefits provided by the institution for injuries resulting from the negligence of its agents and employees if the institution is negligent in the selection and retention of the agents or employees, evidence that it had procured indemnity insurance is incompetent upon the question of its liability, and in an action to recover for negligent injury, allegations to this effect in plaintiff's reply are properly stricken out on motion. The rule of nonliability of a charitable institution for tort if recovery would result in the impairment of funds held by it for its charitable purpose, does not obtain in this jurisdiction.

**5. Same—Fact that charitable institution had obtained indemnity insurance held irrelevant upon contention that activity in suit was not charitable enterprise.**

Since a charitable institution is liable to a person enjoying the benefits provided by the institution for negligent injury inflicted by its agents or employees if it is negligent in the selection or retention of its agents and employees, the fact that it procures indemnity insurance does not tend to show that in the operations resulting in injury it was not in fact conducting a charitable enterprise, and allegations that it had obtained indemnity insurance are properly stricken from the plaintiff's reply on its motion aptly made.

CLARKSON, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Grady, J.,* at 27 November, 1939, Extra Term, of MECKLENBURG.

Civil action to recover damages for injuries allegedly resulting from actionable negligence.

Plaintiff in her complaint, briefly stated, alleges: That defendants are the duly elected, qualified and acting directors and trustees of the Young Women's Christian Association of the city of Charlotte and as such are vested with the title to and are in possession and control of a certain lot in said city and the building thereon, known as the Young Women's

Christian Association building, with the authority, power and duty to maintain and operate in said building a swimming pool, in connection with which there are shower, locker and dressing rooms; that an instructor is employed to give swimming lessons; that through newspaper advertisement defendants caused to be offered to the general public a course of instruction in swimming in consideration of the payment of a stated fee or price; that plaintiff, having accepted the offer and enrolled in the swimming class, and paid the required fee, and after attending one of the swimming classes on or about 24 March, 1939, and at completion of the course of instruction for the day, and after taking a shower bath in the shower room, proceeded to walk from the shower room to the locker room through the hall customarily used for that purpose, and while so walking through said hall she slipped and fell to the floor and sustained injuries; and that such injuries proximately resulted from the negligence of defendants (a) in failing to cover the floor in the hallway with a mat or other suitable covering; (b) in allowing water and soap, mold and other foreign matter to accumulate and remain on the floor, and (c) in failing to light the hallway.

Defendants, answering, deny negligence and for further defense aver that the Young Women's Christian Association is an unincorporated, religious and charitable organization, not organized for profit; that the land and building in question are held to be used and are used, and the swimming classes were conducted solely for the promotion of the religious and charitable objects of the association; and that defendants caused to be employed persons competent to conduct the said swimming classes and to keep the floor and other parts of the premises in proper condition, and if there were any negligence on the part of any of the employees which resulted in the injury to the plaintiff, which is expressly denied, neither the defendants nor the association would be liable because said organization is a non-profit religious and charitable organization.

Plaintiff, replying to the further defense of defendants, alleges:

"1. That this plaintiff is informed and believes that the ladies named as defendants do not as individuals receive any pecuniary profit from the Young Women's Christian Association of Charlotte. Except as herein admitted, the allegations of paragraph one are denied and in this connection the plaintiff is informed, believes, and alleges that a recovery in this suit will not impair or diminish the property held by the defendants for the purpose of the association for the reason that the defendants have made special arrangements to pay any and all judgments which might be rendered against them on account of their negligence or the negligence of their servants and agents in connection with the operation of the swimming pool and the building referred to in the complaint."

And for a further reply, the plaintiff alleges:

HERNDON v. MASSEY.

"1. That the plaintiff is informed, believes, and alleges that in consideration of the payment of the premiums required by it, the Maryland Casualty Company issued a policy of insurance insuring the defendants against liability arising out of the operation of the swimming pool and building referred to; that the said Maryland Casualty Company had received the annual premium and the said policy of insurance was in full force and effect at the time of the injury to the plaintiff; the amount for which the defendants are insured as above set forth is greater than the amount claimed by the plaintiff as damages, and any sum recovered by plaintiff against defendants in this case will, in accordance with said contract of insurance, be paid by the Maryland Casualty Company; and the property held by the defendants for the purpose of the association will not be decreased or diminished because of any judgment recovered in this action."

Pursuant to provisions of C. S., 510, and C. S., 537, defendants moved to strike the quoted portion of paragraph 1 of plaintiff's reply beginning with the words: "In this connection," and the whole of paragraph 1 of plaintiff's further reply. The motion was allowed. Plaintiff reserving exception thereto, appeals to the Supreme Court and assigns error.

*David J. Craig, Jr., for plaintiff, appellant.*
*Robinson & Jones for defendants, appellees.*

WINBORNE, J. We are of opinion that the court properly ruled in striking out as irrelevant or redundant the matter inserted by plaintiff in the paragraphs designated and as quoted in the foregoing statement of facts.

It may be noted that the authorities are extremely divergent on the subject of liability of charitable institutions for injuries resulting from the negligence of their agents or employees. See Annotations 14 A. L. R., 572; 23 A. L. R., 923; 30 A. L. R., 455; 33 A. L. R., 1369; 42 A. L. R., 971; 62 A. L. R., 724; 67 A. L. R., 1112; 86 A. L. R., 491; 109 A. L. R., 1199. (a) The courts of some jurisdictions deny all liability. (b) Some hold such institutions as much subject as others to the doctrine of *respondeat superior.* (c) But the majority hold that in relation to those who receive benefits provided by it, a charitable institution is not liable for the negligence of its agents or employees if it has exercised reasonable care in their selection and retention. See Annotations 109 A. L. R., 1199, at 1201.

It is noted also that the decisions of this Court are in harmony with the view of the majority. *Green v. Biggs,* 167 N. C., 417, 83 S. E., 553; *Hoke v. Glenn,* 167 N. C., 594, 83 S. E., 807.

The complaint should contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." C. S., 506. In reply to answer of defendant, plaintiff "may allege in ordinary and concise language, without repetition, any new matter not inconsistent with the complaint, constituting a defense to the new matter in the answer." C. S., 525. But the statute, C. S., 537, provides that "if irrelevant or redundant matter" be inserted in a pleading, upon motion of the party aggrieved thereby, it may be stricken out. Where such motion has been made in apt time, "it is not addressed to the discretion of the court, but is made as a matter of right." *Hosiery Mills v. Hosiery Mills,* 198 N. C., 596, 152 S. E., 794; *Bank v. Atmore,* 200 N. C., 437, 157 S. E., 129; *Patterson v. R. R.,* 214 N. C., 38, 198 S. E., 364.

In *Pemberton v. Greensboro,* 203 N. C., 514, 166 S. E., 396, this Court said: "It is readily conceded that nothing ought to be in a complaint, or remain there over objection, which is not competent to be shown on the hearing. C. S., 506; 21 R. C. L., 452." This principle as stated has been quoted and paraphrased in numerous more recent decisions. *Patterson v. R. R., supra; Trust Co. v. Dunlop,* 214 N. C., 196, 198 S. E., 645; *Duke v. Children's Commission,* 214 N. C., 570, 199 S. E., 918; *Wadesboro v. Coxe,* 215 N. C., 708, 2 S. E. (2d), 876; *Hildebrand v. Tel. Co.,* 216 N. C., 235, 4 S. E. (2d), 439.

In *Duke v. Children's Commission, supra,* reversing ruling of the court in refusing to strike out a paragraph of the complaint in which matter similar to that first in question here was inserted, *Schenck, J.,* said: "It has been repeatedly held by this Court that in an action for damages for a personal injury evidence that the defendant's liability for the act complained of has been insured by a third person, is ordinarily incompetent. *Lytton v. Mfg. Co.,* 157 N. C., 331; *Luttrell v. Hardin,* 193 N. C., 266 (269), and cases there cited. *Scott v. Bryan,* 210 N. C., 478, and cases there cited. By the same token that evidence that the defendant is insured in a casualty company is incompetent, evidence that 'the defendant has made special arrangements to pay any and all judgments that might be rendered against it on account of its negligence or the negligence of its servants and agents' is incompetent—both are 'entirely foreign to the issues raised by the pleadings.' *Lytton v. Mfg. Co., supra,* and other cases cited."

See, also, *Revis v. Asheville,* 207 N. C., 237, 176 S. E., 738, where the ruling of the court below in striking out allegations in reply of plaintiff to the effect that defendant carried accident liability insurance was affirmed on appeal to this Court.

However, the attorney for plaintiff in brief filed in this Court makes these two contentions: (1) That the allegations stricken from plaintiff's

reply are relevant to meet the defenses set up by the defendants; and (2) that the stricken portions of the reply are relevant upon the issue of whether the swimming pool of the defendants is in fact conducted as a charitable enterprise.

1. While heretofore the exact question as applied to charitable institutions has not been passed upon by this Court, it has been held in the case of *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826, that, since deputies sheriff are not employees of the sheriff within the meaning of the North Carolina Workmen's Compensation Act, the fact that a sheriff purchases insurance to cover his compensation liability does not have the effect of enlarging or extending the language of the act so as to cover such deputies sheriff.

However, the prevailing rule in other jurisdictions, with the exception of Tennessee, is that the fact that a charitable institution procures indemnity insurance indemnifying it from liability will not impose liability on it for the torts of its agents where it would not otherwise be liable. 14 C. J. S., 550, Charities Section 75; 10 Am. Jur., 701, Charities Section 152. See Annotations: 42 A. L. R., 971; 62 A. L. R., 724; 67 A. L. R., 1112, and 109 A. L. R., 1199. *Enman v. Trustees of Boston University* (Mass.), 170 N. E., 43; *McKoy v. Morgan Memorial Co-Op. Industries and Stores, Inc.* (Mass.), 272 Mass., 121, 172 N. E., 68; *Levy v. Superior Court* (Cal.), 239 P., 1100; *Stonaker v. Big Sisters Hospital* (Cal.), 2 P. (2d), 520; *Williams v. Church Home,* 223 Ky., 355, 3 S. W. (2d), 753; 62 A. L. R., 721; *Mississippi Baptist Hospital v. Moore* (Miss.), 126 So., 465; 67 A. L. R., 1106; *Greatrex v. Hospital* (Mich.), 261 Mich., 327, 246 N. W., 137; 86 A. L. R., 487.

In fact, in *McLeod v. St. Thomas Hospital* (1936), 170 Tenn., 423, 95 S. W. (2d), 917, the Supreme Court of Tennessee adhered to the above rule. However, in the case of *Vanderbilt University v. Henderson,* 127 S. W. (2d), 284, *certiorari* denied by Supreme Court 1 April, 1939, upon which plaintiff here relies, the Court of Appeals of Tennessee said: "It is generally held that a charitable institution is not liable for the negligence of its agents and servants. . . . It is likewise held that the rule of nonliability of a charitable institution is not changed by the reason of the fact that it carries liability insurance to protect it against liability which the law imposes upon it. *McLeod v. St. Thomas Hospital,* 170 Tenn., 423, 427, 95 S. W. (2d), 917, 918, and cases there cited: *Greatrex v. Evangelical Deaconess Hospital,* 261 Mich., 327, 246 N. W., 137, 86 A. L. R., 487; *McKoy v. Morgan Memorial Co-Op. Industries and Stores,* 272 Mass., 121, 172 N. E., 68. But we think that in this State this rule of nonliability extends no further than the protection of the trust property of the charitable institution from being diverted from the purposes of the charity to the satisfaction of a tort liability."

Thus it appears that that Court still adheres to the principle of total immunity as contradistinguished from the principle of partial immunity recognized and adopted by this Court. Hence, in the light of the prevailing rule in other jurisdictions and of pertinent principles enunciated in this jurisdiction the reasoning and analogous authority set forth for the conclusion reached by the Court of Appeals of Tennessee are not sufficiently persuasive for application and adoption to the case in hand.

2. In support of her second contention plaintiff relies upon decision of this Court in *Davis v. Shipbuilding Co.,* 180 N. C., 74, 104 S. E., 82. The factual situation there is, however, distinguishable from that here. There, the defendant having denied the allegation that plaintiff's intestate, while employed by the defendant, came to his death by negligence of defendant, and speaking to defendant's objection to admission of evidence tending to show that defendant had taken out and held indemnity insurance in reference to employees engaged in work, and referring to *Clark v. Bonsal,* 157 N. C., 270, 72 S. E., 954, relied upon by defendant, the Court said: "It is true that in *Clark v. Bonsal, supra,* the Court decided that an injured employee could not maintain an action for negligent injury against the insurance company on an indemnity policy as ordinarily drawn, taken out, and held by the employer for his own protection. Applying the principle, it has been held in several such cases that the existence and contents of such a policy is not, ordinarily, relevant on the question of damages, or on the issue as to negligence, but, in the present case, the defendant was endeavoring to maintain the position that it was not then operating the plant, and the intestate, at the time of the occurrence, was not in their employment. And the fact that the company had taken out and then held indemnity insurance for injuries to their employees was clearly relevant in that issue. The court was careful to restrict the evidence to the purpose indicated, and the exception must be overruled."

In the case in hand, taking out and carrying liability insurance is not inconsistent with defenses set up by defendant in that under the law as declared in this State a charitable institution has tort liability under certain circumstances, that is, to a beneficiary of its charity for injury resulting from the negligence of its agents, servants and employees in the selection or retention of whom it has failed to exercise due care, *Green v. Biggs, supra; Hoke v. Glenn, supra,* and for negligent injury to a servant or employee. *Cowans v. Hospitals,* 197 N. C., 41, 147 S. E., 672.

Therefore, in the present case if it be conceded that defendants had taken out and, at the time of the alleged injury to plaintiff, had in effect a policy of insurance against liability arising out of the operation of the swimming pool and building referred to, in an amount sufficient to pay

any sum recovered by plaintiff against defendant that fact would no more tend to prove that defendants were operating the swimming pool and building as a business enterprise for profit than it would tend to show that they were operating same as a charitable institution.

The judgment below is

Affirmed.

CLARKSON, J., took no part in the consideration or decision of this case.