MARIE HARDEE SPAIN v. HENRY C. BROWN.

(Filed 29 October, 1952.)

**1. Pleadings § 3a—**

The function of the complaint is to present a statement of the material, essential, or ultimate facts upon which plaintiff's claim to relief is founded.

**2. Pleadings § 7—**

The answer must either admit or deny the several allegations contained in the complaint; in addition defendant may allege new matter in confession and avoidance or constituting a setoff, or an affirmative defense, or a cross-action or counterclaim. G.S. 1-135, G.S. 1-137.

**3. Pleadings § 13—**

The function of a reply is limited to an admission or denial of new matter set up in the answer and to such amplification of plaintiff's cause of action as may be rendered necessary by such new matter, and no reply is necessary or proper when the answer consists only of admissions or denials, and thus closes the issues.

**4. Pleadings § 14—**

The rule which prohibits the incorporation of extraneous, evidential, irrelevant, impertinent, or scandalous matter in a complaint or answer applies with equal force to a reply. G.S. 1-153. This is particularly true if such matter may well tend to prejudice defendant when read to the jury.

**5. Pleadings §§ 3a, 7, 14—**

The function of a pleading is not to narrate the evidence nor to throw charges and countercharges not essential to the statement of a cause of action, affirmative defense, or counterclaim; only the facts to which the pertinent, legal, or equitable principles of law are to be applied should be stated in the pleadings.

**6. Pleadings §§ 14, 31: Assault and Battery § 4—Extraneous charges in reply should be stricken on motion.**

In this action for assault and battery, defendant filed answer denying the material allegations of the complaint and specifically pleading certain facts and circumstances by way of an affirmative defense. Plaintiff filed reply denying the allegations of the further answer, and by "further replication" alleged that defendant had pleaded guilty in criminal prosecutions to charges of assault upon plaintiff, and that defendant well knew that each allegation of the further answer and defense "is absolutely untrue." *Held:* The allegations of the "further replication" constitute no proper part of the reply, and defendant's motion to strike same should have been allowed.

APPEAL by defendant from *Burgwyn, Special Judge,* April Term, 1952, PITT.

Civil action to recover damages for an alleged wrongful assault, heard on motion to strike plaintiff's further replication.

Plaintiff alleges in her complaint that defendant assaulted her with his fists and a blackjack, thereby inflicting personal injuries. She seeks both compensatory and punitive damages. Defendant filed answer in which he denies the material allegations in the complaint and specifically pleads certain facts and circumstances by way of an affirmative defense. Thereupon plaintiff replied denying the allegation in defendant's further answer "and by way of further replication" alleging:

"1. That at the October 1951 Term of Pitt Superior Court the defendant stood indicted upon two warrants charging him with assault upon this plaintiff and with assault with a deadly weapon, to wit: a stick, upon this plaintiff, to both of said indictments the defendant entered a plea of guilty, and upon the trial offered no testimony that would tend to sustain any such defense as he now attempts to assert in his further answer, and the defendant now well knows that each and every allegation set out in his further answer and defense is absolutely untrue."

Defendant moved to strike said further replication. The motion was denied and defendant appealed.

*Albion Dunn for plaintiff appellee.*
*Sam B. Underwood, Jr., for defendant appellant.*

BARNHILL, J. In a civil action the issues to be tried by a jury are raised by written pleadings filed in the cause by the parties to the action. Ordinarily these consist of a complaint and answer. When, however, the defendant in his answer pleads new matter as a setoff, affirmative defense, or counterclaim, the plaintiff is permitted to file a further pleading known as a reply to admit or deny the new matter alleged in the answer and, when necessary, plead matters in avoidance of the same.

Each pleading has its own particular function. The function of the complaint is to present a statement of the material, essential, or ultimate facts upon which plaintiff's claim to relief is founded. *Truelove v. R. R.,* 222 N.C. 704, 24 S.E. 2d 537; *Brown v. Hall,* 226 N.C. 732, 40 S.E. 2d 412.

The only pleading on the part of the defendant is either a demurrer or an answer. G.S. 1-124. If he elects to answer he must either admit or deny the several allegations contained in the complaint. G.S. 1-135. In addition he may allege new matter (1) in confession and avoidance, or (2) as a setoff, or (3) as an affirmative defense, or (4) as a cross action or counterclaim. G.S. 1-135, 137.

If the answer contains no new matter, no further pleading is necessary or proper. If, however, the defendant pleads an affirmative defense, setoff, or counterclaim, the plaintiff, if he wishes to raise an issue of fact thereon, may, and under certain conditions must, reply thereto. G.S. 1-140; 41

A.J. 416. The purpose of a reply is to deny such allegations of the answer as the plaintiff does not admit and to meet new matter set up in the answer. 41 A.J. 416; *Moss v. Fitch,* 111 S.W. 475; McIntosh, P. & P. 510.

No reply is necessary or proper when the answer consists only of admissions and denials and closes the issues. 41 A.J. 416. It must be limited to an admission or denial of the new matter set up in the answer. *Hildebrand v. Telegraph Co.,* 216 N.C. 235, 4 S.E. 2d 439; *Revis v. Asheville,* 207 N.C. 237, 176 S.E. 738; *Wadesboro v. Coxe,* 215 N.C. 708, 2 S.E. 2d 876; and such amplification of plaintiff's cause of action as may be rendered necessary by the new matter alleged in the answer. McIntosh, P. & P. 510.

The rule which prohibits the incorporation of extraneous, evidential, irrelevant, impertinent, or scandalous matter in a complaint or answer, G.S. 1-153; *Brown v. Hall, supra; Truelove v. R. R., supra; Parlier v. Drum,* 231 N.C. 155, 56 S.E. 2d 383; *Light Co. v. Bowman,* 231 N.C. 332, 56 S.E. 2d 602; applies with equal force to a reply. This is particularly true if such matter, when read to the jury, may well tend to prejudice the defendant even though evidence thereof is not admitted. *Light Co. v. Bowman, supra; Privette v. Privette,* 230 N.C. 52, 51 S.E. 2d 925.

The function of a pleading is not the narration of the evidence upon which the pleader relies to establish his cause of action or defense. Nor is any pleading to be used as the vehicle to throw charges and counter-charges not essential to the statement of a cause of action, affirmative defense, or counterclaim. Only the facts to which the pertinent legal or equitable principles of law are to be applied should be stated in any pleading. *Truelove v. R. R., supra; Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47.

Here the plaintiff's "further replication" alleges not only that defendant did not testify in his own behalf in the criminal causes which grew out of the assault alleged in the complaint, but also that he has deliberately falsified the facts in his answer. Such allegations constitute no proper part of a reply to the answer filed by defendant. Hence the defendant's motion to strike should have been allowed.

The allegation that defendant entered a plea of guilty when put on trial under the warrants which charged that he had unlawfully assaulted plaintiff is evidential in nature. That this allegation is a part of the paragraph to be stricken does not mean, and is not to be construed to mean, that plaintiff may not offer evidence as to defendant's plea in the criminal causes. We do not at this time chart the course of the trial before a jury. Instead, we leave it to the presiding judge to rule, in the first instance, on the competency of this evidence when and if it is tendered by plaintiff.

For the reasons stated the order entered by the court below is

Reversed.