NEIL S. SOWERS v. HOME-MADE CHAIR COMPANY, INC., and L. O. GIBSON, M. W. GIBSON, and M. B. BROSIUS, Individually, and as Stockholders, Officers and Directors of the HOME-MADE CHAIR COMPANY, INC.

(Filed 11 November, 1953.)

**Appeal and Error § 40g—**

The denial of plaintiff's motion to strike certain paragraphs from the answer will not be held for error when the retention of such allegations can result in no substantial prejudice.

Appeal by plaintiff from *Patton, Special Judge,* June Term, 1953, of Iredell.

This is a civil action instituted by a minority stockholder of the defendant corporation for a writ of *mandamus* to compel the directors of the corporation to declare and pay out all the accumulated profits of the corporation as dividends.

The plaintiff duly filed his complaint and the defendants filed an answer thereto, and set up a First, Second and Third Further Answer and Defense to plaintiff's cause of action.

The plaintiff moved to strike all of the Second and Third Further Answers and Defenses.

The motion to strike was heard below, and the court granted the motion only as to paragraph two of the Second Further Answer and Defense.

The plaintiff excepted to the ruling and appeals to the Supreme Court, assigning error.

*Burke & Burke, W. T. Ward, Jr., and Isaac T. Avery, Jr., for appellant.*

*Helms & Mulliss, Buren Jurney, and R. A. Collier for appellee.*

DENNY, J. The allegations retained in the Second Further Answer and Defense simply set out the provisions of the by-laws of the corporation with respect to the payment of dividends and the retention of surplus for certain corporate purposes. While the Third Further Answer and Defense is, more or less, in the nature of a statement of the present condition of the corporation, its past growth and its immediate needs, we cannot see how these allegations can be prejudicial to the plaintiff. Neither may it be stated that they are entirely irrelevant to the controversy in view of the action the plaintiff seeks to require of the directors of the corporation.

In *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185, *Ervin, J.,* said: "This Court does not correct errors of the Superior Court unless such errors prejudicially affect the substantial rights of the party appealing. Hence, the denying or overruling of a motion to strike matter from a pleading under the provisions of G.S. 1-153 is not ground for reversal unless the record affirmatively reveals these two things: (1) That the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm or injustice to the moving party." *Ledford v. Transportation Co.,* 237 N.C. 317, 74 S.E. 2d 653.

The ruling of the court below is

Affirmed.