J. HERMAN BAKER, TRADING AS BAKER OIL COMPANY, v. FRUEHAUF TRAILER COMPANY, INCORPORATED.

(Filed 12 October, 1955.)

**1. Pleadings § 30—**

Where motion to strike under G.S. 1-153 is made prior to the time for answer or demurrer, it is made as a matter of right.

**2. Pleadings § 31—**

Allegations should be stricken from a pleading on motion only when they are clearly improper, irrelevant, immaterial or unduly repetitious, the ordinary test being the right of the pleader to offer in evidence the facts to which the allegations relate.

**3. Appeal and Error § 40f—**

A ruling of the Superior Court upon a motion to strike, even though made in apt time, will not be held for error unless it is made to appear that the ruling prejudicially affects some substantial right of appellant.

**4. Pleadings § 27—**

Defendant moved that plaintiff be required to make the complaint more definite on the ground that defendant was unable to determine whether plaintiff is bringing the action to rescind the contract for failure of consideration, or whether he was treating the contract as existing and suing for damages for breach of warranty. The denial of the motion cannot be held prejudicial when counsel, on appeal, state that the purpose of the complaint is to set out a cause of action for rescission, and that plaintiff had elected to pursue his remedy in accordance therewith.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bone, J.,* at Chambers 6 July, 1955. From NASH.

The defendant Trailer Company appealed from rulings of Judge Bone on defendant's motions with respect to plaintiff's complaint.

The plaintiff alleged he was induced by the false representations and warranties of the defendant to purchase a combination transport tank trailer for use of plaintiff in transporting petroleum products in connection with the operation of his business, at the price of $6,948; that the tank trailer was found to be so defective in construction as to be worthless to the plaintiff, and that in the effort to remedy the defects at

the instance of the defendant, plaintiff was caused to incur expense in excess of $2,000.

Before the time for answering had expired, the defendant filed motions: (1) To strike certain portions of the complaint as irrelevant and prejudicial, and (2) that plaintiff be required to make the complaint more definite and certain, for that the defendant, in preparing a defense to the action was unable to determine whether plaintiff is suing to rescind the contract, or for damages for breach of contract of warranty.

Judge Bone allowed the motion to strike certain allegations deemed irrelevant, and denied defendant's motion to strike other portions of the complaint designated in defendant's motion. The judge also denied defendant's motion to require plaintiff to make the complaint more definite in the respect pointed out.

Defendant excepted and appealed.

*Cooley & May for plaintiff, appellee.*
*Bell, Bradley, Gebhardt & DeLaney for defendant, appellant.*

DEVIN, J.   The defendant assigns error in the judgment below denying its motion, made in apt time, to strike designated portions of the complaint.

The right to appeal from an adverse ruling in the Superior Court on a motion to strike portions of the pleadings has extended the ground of appellate jurisdiction, and frequently causes delay in the final determination of litigation.  However appropriate motions to this end are sanctioned by the statute which provides: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted."  G.S. 1-153.

If the motion be made in apt time, the movant is entitled to be heard as a matter of right.  But the denial of a motion to strike a pleading under this statute will not be regarded as erroneous unless the record affirmatively reveals that the matter is irrelevant or redundant and that its retention in the pleading will cause harm or injustice to the moving party.  *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185.  "Allegations should be stricken only when they are clearly improper, irrelevant, immaterial or unduly repetitious."  *Rhodes v. Jones,* 232 N.C. 547, 61 S.E. 2d 725.  It has been repeatedly held by this Court that ordinarily the test of relevancy is the right of the pleader to offer in evidence on the trial the facts to which the allegation relates (*Hildebrand v. Tel. & Tel. Co.,* 216 N.C. 235, 4 S.E. 2d 439; *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660), and that the rulings of the Superior Court upon pre-

liminary motions relating to the pleadings will not be held for error unless it be made to appear that the ruling to which exception is noted affects prejudicially some substantial right of the movant. *Sowers v. Chair Co.*, 238 N.C. 576, 78 S.E. 2d 342; *Ledford v. Transportation Co.*, 237 N.C. 317, 74 S.E. 2d 653; *Hinson v. Britt, supra. Barnette v. Woody, ante,* 424.

Keeping these general principles relating to the propriety of motions on the pleadings in mind, we have examined the portions of the complaint to which the defendant's motion was directed and conclude that there was no error in the ruling complained of with respect to the motion to strike.

The defendant also excepted to the denial of its motion under the statute that plaintiff be required to make the complaint more definite. The ground for the motion is that defendant is unable to determine whether the plaintiff is bringing this action to rescind the pleaded contract for failure of consideration, or whether he is treating the contract as existing and suing for damages for breach of warranty. *Hendrix v. Motors, Inc.*, 241 N.C. 644, 86 S.E. 2d 448.

However, it is unnecessary for us to interpret the legal meaning of the complaint in this respect, for that counsel for plaintiff stated on the argument when this appeal was heard, that the purpose of the complaint was to set out a cause of action for rescission, and that the plaintiff elected to pursue his remedy in accord therewith.

It follows that defendant's exceptions to the rulings set out in the judgment below cannot be sustained, and that the judgment must be

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

The foregoing opinion was prepared by DEVIN, Emergency Justice, while he was serving in place of WINBORNE, J., who was absent on account of his physical condition. It is now adopted by the Court and ordered filed.