MARCIA SUSAN HAYES, by Her Next Friend, W. J. HAYES, v. CITY OF WILMINGTON, NORTH CAROLINA, TOWLES-CLINE CONSTRUCTION COMPANY, E. B. TOWLES CONSTRUCTION COMPANY, S. E. COOPER, Trading and Doing Business as S. E. COOPER COMPANY, JOHN LINDSEY NEAL and SEABOARD SURETY COMPANY.

(Filed 29 February, 1956.)

**1. Pleadings § 30—**

Motions to strike which are made in apt time are made as a matter of right and are not addressed to the discretion of the lower court.

**2. Negligence § 18—**

In an action for damages for personal injury, evidence that the defendant's liability for the act complained of has been insured by a third party is ordinarily incompetent.

**3. Negligence § 16: Pleadings § 31—**

In an action for personal injury, allegations in the cross action of one defendant against another defendant to the effect that such other defendant was required under the contract for the work out of which the injury arose to furnish faithful performance bond and take out and maintain liability and property damage insurance, are irrelevant and are properly

stricken on motion aptly made even though the surety company, later joined as a party, fails to move that such allegations be stricken.

**4. Appeal and Error § 6a: Pleadings § 30—**

Even though the surety company carrying indemnity insurance for defendants does not move to strike from the cross complaint of the other defendant allegations in regard to the insurance, the insured defendants are entitled to object thereto as a matter of right upon motion to strike made in apt time, since such allegations are prejudicial to them.

**5. Torts § 6—**

Motion to strike names of additional defendants, joined on cross complaint for contribution, *held* erroneously allowed on authority of *Hayes v. Wilmington, ante*, 525.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants Towles-Cline Construction Company, E. B. Towles Construction Co., S. E. Cooper, trading and doing business as S. E. Cooper Company, and John Lindsey Neal from *Stevens, J.,* December Civil Term 1954 of NEW HANOVER.

Civil action to recover damages for injuries to a child allegedly caused by a gas explosion under the home of W. J. Hayes heard upon a special appearance and two motions: one, a motion by the appellants, other than John Lindsey Neal, to strike allegations in the further answer and defense of their co-defendant the city of Wilmington, and two, a special appearance and motion by the Carolina Power & Light Company, in its own right, and as successor by merger to Tide Water Power Company, to strike its name and the name of Tide Water Power Company as parties defendant in the cross-actions of the appellants.

During the year 1951 the defendant city of Wilmington was engaged in a program of street paving and improvements, which included the grading of that portion of Barnard Drive between Chestnut and Market Streets, according to plans and specifications furnished by the city.

On 15 August 1951 the defendant Towles-Cline Construction Company contracted with the city to do this work. Subsequent to the execution of this contract the Towles-Cline Construction Company transferred to E. B. Towles Construction Company all or certain portions of the work it had agreed to do under its contract with the city. Then it contracted with the defendant S. E. Cooper to do the necessary grading and excavating on Barnard Drive and other streets. Under the contract between the city and the Towles-Cline Construction Company it was the duty of the city to establish grades and furnish surveys and charts so that the work could be safely performed.

During this time the Tide Water Power Company was the public service company which furnished gas for cooking and domestic pur-

poses to the inhabitants of the city of Wilmington. Under ground gas pipes led from the gas main on Barnard Drive to residences of customers near by, including a gas pipe to the home of W. J. Hayes.

About 7:30 a.m. on 31 December 1951, pursuant to directions and specifications furnished to both construction companies by the city of Wilmington, S. E. Cooper, by his employee John Lindsey Neal, began grading that part of Barnard Drive between Chestnut and Market Streets with a caterpillar diesel grading machine. It would seem from the pleadings that the maximum depth to be excavated on Barnard Drive was 20 inches. A few inches below the surface of the ground a blade of the grading machine struck a gas pipe leading to the home of W. J. Hayes situate on the west side of Barnard Drive. This blow bent the gas pipe and ripped it from its connection at the gas meter under the Hayes home, thereby permitting highly volatile and explosive gas to pour into a confined area under the house.

The operator of the grader examined the pipe, and moved on, and after going a considerable distance, struck another pipe on Barnard Drive. About one-half hour after the gas pipe leading to the Hayes home had been struck, a devastating explosion caused by the accumulation of escaping gas under the house completely demolished the house, injured the plaintiff, and killed her mother and 3½ year old brother.

Towles-Cline Construction Company filed answer, and pleaded as a further defense the contract between the city of Wilmington and itself, on 2 November 1951, and that it had employed Cooper as an independent contractor to do the grading, and that on 28 November 1951 it had employed E. B. Towles Construction Company as an independent contractor to do all the work it had contracted with the city to do, except such grading as Cooper was to do. That prior to 29 December 1951 the city of Wilmington gave to E. B. Towles Construction Company a cut sheet showing the depth of excavations to be made in grading, which company in turn delivered this cut sheet to Cooper. This included the grading on Barnard Drive. On 29 December 1951 a representative of the engineer of the city came to Barnard Drive, and directed the beginning of the excavation, saying no pipes were in the way. That the acts of Cooper were those of an independent contractor acting under the supervision and direction of the city of Wilmington.

E. B. Towles Construction Company filed a substantially identical answer and further defense.

The city of Wilmington filed answer, pleaded a further defense, and a cross-action against the Seaboard Surety Company, surety upon the bond of Towles-Cline Construction Company for the faithful performance of its contract with the city. In its further defense the city alleged the contract between it and Towles-Cline Construction Company. The

allegations of the further defense of the city, which the appellants, other than Neal, ask to be stricken are:

(1) The work was to be completed in 390 consecutive calendar days. That the contract provided for the inclusion therein, and as a part thereof, of advertisements for bids, instructions to bidders, general conditions, specifications, contract plans and detailed plans for said improvements, including the furnishing by the independent contractor of a faithful performance bond. That the contract further provides that the contractor shall take out, and maintain all insurance as required under instructions to bidders, and shall attach upon completion of the contract documentary proof of compliance. The said contract, together with all documents referred to, and incorporated therein, are hereby pleaded.

(2) Under the general specifications forming a part of the contract it is provided that bidders are cautioned to carefully examine the proposed locations of work as well as plans and specifications and to go over the whole project thoroughly with the engineer before submitting bids. And the general specifications further provide that the contractor shall not commence work under the contract, until the contractor has taken out and maintained during the life of the contract public liability and property damage insurance for claims of property damage, personal injuries or death which may arise under the contract, whether such obligations be by the prime contractor, or a subcontractor, or anyone employed by either of them.

(3) Under the general conditions incorporated in the contract it is understood and agreed by the contracting parties that the following documents form an essential part of the contract: advertisement, information for bidders, general and technical specifications, proposal, specific contract, contractors' bond, drawings, plans, maps, profiles. The general conditions further provide that the contractor in signing the contract acknowledges that he has read, and is familiar with the specifications, that they are entirely clear, that he is fully acquainted with the ground where the work is to be done, that he is fully prepared to sustain all losses and damages incurred by the action of the elements, or from any unforeseen obstructions that may be encountered, that he is prepared to provide the necessary equipment, materials and labor, and to guarantee that the work done will be in strict compliance with the contract.

(4) In the signed bid and proposal by Towles-Cline Construction Company, which forms a part of the contract, it is recited that the construction company has examined the plans, specifications, instructions to bidders, the contract and bond attached, all of which are understood and agreed to.

This part of the further answer of the city is not asked to be stricken: The general conditions further provide that in the event of damages to persons or property of any kind legally existing along or adjacent to the work, the contractor agrees to make the repairs for damages or injuries as may be necessary, and that the contractor shall take all risks, and be responsible for all expenses and damages attending the presence or proximity of gas or water pipes, sewers, drains and conduits.

There are no allegations in the further defense of the city that the work was not finished in the time contemplated, that any insurance bond provided for in the contract was not taken out and maintained, that upon completion of the work documentary proof of compliance with the contract was not furnished, that the construction company did not go over the work to be done with the city engineer, and did not understand it, that the construction company did not understand the contract and all parts thereof, and agree to it. Neither is there any allegation in the further defense as to how any of these matters alleged, and challenged by the appellants, could have contributed in any way to plaintiff's injuries.

The allegations of the cross-action against the Seaboard Surety Company, which the appellants, other than Neal, ask to be stricken are in substance as follows: Contemporaneously with the execution of the contract between the city and Towles-Cline Construction Company, and as required by said contract, the Seaboard Surety Company executed as surety a faithful performance bond with the construction company as principal, conditioned among other things that the principal shall save harmless the city from any liability of any nature which may be incurred in the performance of the contract resulting from negligence or otherwise on the part of the principal. Many other conditions of the bond are alleged, which have no application to the instant case. That the principal and surety of the bond are obligated to pay any recovery in this case by plaintiff, and that if a recovery is had, plaintiff is entitled to judgment against the principal and surety.

Upon request of the city the Seaboard Surety Company was made a defendant at the April Civil Term 1953 of court. The surety company filed answer adopting the answer of Towles-Cline Construction Company. As to the cross-action it admitted the execution of the bond, and said that the allegations of the cross-action as to its liability are matters of law, which it is not required to answer, but that such allegations are not true as a matter of law. The surety company did not ask that the allegations of the cross-action against it be stricken.

John Lindsey Neal was not an original defendant, but was made a defendant on 25 August 1953.

At the December Civil Term 1954 the motions to strike the allegations of the further defense and the cross-action of the defendant city were denied, and the appellants appealed.

The appellants filed amended answers, and set up cross-actions under G.S. 1-240 against the Tide Water Power Company, and its successor by merger Carolina Power & Light Company as joint tort-feasors. At the August Civil Term 1954 the two power companies were made parties defendant, and accepted service of summons. Whereupon the Carolina Power & Light Company, in its own right and as successor by merger of the Tide Water Power Company, entered a special appearance, and moved to strike the names of Carolina Power & Light Company and Tide Water Power Company as parties defendants. At the December Civil Term 1954 the motion was granted, and the appellants appealed.

*McClelland & Burney, McLean & Stacy, and R. M. Kermon for S. E. Cooper, trading and doing business as S. E. Cooper Company, and John Lindsey Neal.*

*R. L. Savage and James & James for Towles-Cline Construction Company and E. B. Towles Construction Company.*

*Hogue & Hogue and A. Y. Arledge for Carolina Power & Light Company, Appellee.*

*Wm. B. Campbell for Defendant City of Wilmington, Appellee.*

PARKER, J.  G.S. 1-153 prohibits the allegations of "extraneous, evidential, irrelevant, impertinent, or scandalous matter in a complaint or answer." *Spain v. Brown,* 236 N.C. 355, 72 S.E. 2d 918.

In the case at bar the motions to strike were made in apt time, and are therefore made as a matter of right, and are not addressed to the discretion of the court. *Baker v. Trailer Co.,* 242 N.C. 724, 89 S.E. 2d 388; *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660.

"The denial of a motion to strike matter from a pleading under the provisions of G.S. 1-153 is not ground for reversal unless the record affirmatively reveals these two things: '(1) that the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm or injustice to the moving party.'" *Daniel v. Gardner, supra.*

It has long been held in North Carolina that in an action for damages for personal injury, evidence that the defendant's liability for the act complained of has been insured by a third party is ordinarily incompetent. *Flanner v. Saint Joseph Home,* 227 N.C. 342, 42 S.E. 2d 225; *Herndon v. Massey,* 217 N.C. 610, 8 S.E. 2d 914; *Scott v. Bryan,* 210 N.C. 478, 187 S.E. 756; *Lytton v. Mfg. Co.,* 157 N.C. 331, 72 S.E. 1055.

Therefore, it is ordinarily improper to plead it. *Revis v. Asheville*, 207 N.C. 237, 176 S.E. 738; *Herndon v. Massey, supra.*

"That the defendant had the forethought to protect itself against such liability as the law imposes for such injuries, does not serve to enlarge or extend that liability." *Flanner v. Saint Joseph Home, supra.*

We have held in an action for damages for wrongful death that the liability insurer—where the contract is one of indemnity only—is not a proper party to the action. *Clark v. Bonsal*, 157 N.C. 270, 72 S.E. 954.

In *Luttrell v. Hardin*, 193 N.C. 266, 136 S.E. 726, it is said: "It has been repeatedly held that the fact that a defendant in an actionable negligence action carried indemnity insurance could not be shown on the trial. Such evidence is incompetent."

The cases we have cited above refer to efforts of plaintiffs to bring in the insurance or indemnity company. But we think that the same principle is applicable here, and that the reading to the jury from the further answer and cross action of the city of Wilmington of the allegations that the contractor shall take out, and maintain all insurance as required under instructions to bidders; the allegations in respect to the contractor furnishing a faithful performance bond; the allegations that the contractor shall not commence work under the contract, until the contractor has taken out and maintained during the life of the contract public liability and property damage insurance for claims of property damage, personal injuries or death which may arise under the contract, whether such obligations be by the prime contractor, or a subcontractor, or any one employed by either of them; and the allegations of the cross action as to the faithful performance bond of the Towles-Cline Construction Co., and Seaboard Surety Co., will cause the same harm and injustice to the appellants, as if those allegations were in the complaint. The only parties to the faithful performance bond are Towles-Cline Construction Co., Seaboard Surety Co., and the city of Wilmington. The city of Wilmington in its brief has favored us with no citation of case or authority to support their contention that these allegations should be retained in its answer. The lower court erred in not striking out these allegations in respect to insurance and an indemnity bond.

It is true that the Seaboard Surety Co. is not objecting, and has answered. But the appellants, who will be substantially prejudiced by these allegations, if they are permitted to remain in the pleading, do object, and they have objected in apt time, and in the proper manner by a motion to strike. *Hayes v. Wilmington*, 239 N.C. 238, 244, 79 S.E. 2d 792; 67 C.J.S., Parties, p. 1148.

The Towles-Cline Construction Co., in paragraph 6 of its amended answer, pleads its contract with the city of Wilmington to do this street paving and improvements, and alleges, "a duplicate of which contract is in the possession of this defendant, which contract will be produced at the trial of this cause, and speaks for itself." A similar allegation appears in the amended answer of E. B. Towles Construction Co. The amended answer of S. E. Cooper, trading and doing business as S. E. Cooper Co., and John Lindsey Neal, alleges that "these defendants were not parties to this contract, and are not familiar with all its terms and conditions, but said contract is in writing, and will speak for itself as to its terms, provisions and conditions, when, and if, produced at the trial of this cause."

The city of Wilmington in its answer alleges: "That this defendant and the defendant Towles-Cline Construction Co. entered into a complete and independent contract on the 15th day of August 1951, providing for the construction of municipal improvements primarily consisting of street paving improvements under Paving Project No. PAV-C-153-51." The appellants have not asked that this allegation be stricken out.

The appellants have not asked that these allegations of the further defense of the city of Wilmington be stricken out:

"(d) The said General Conditions above referred to further provide that in the event of damages to persons or property of any kind legally existing along or adjacent to the work, the contractor agrees to make the repairs or payments for damages or injuries as may be necessary, and that the contractor shall take all risks and be responsible for all expenses and damages attending the presence or proximity of gas or water pipes, or public or private sewers, or drains and conduits. Said General Conditions are hereby pleaded, which form a part of the said contract, and will be produced upon trial of this cause."

"(f) This defendant says and alleges that it has not done any act or thing contributing to or in anywise, or in any manner, causing injuries, damages, losses or death referred to in the complaint, and that all of the work done, and being done on December 31, 1951, was being done under the independent contract herein referred to and pleaded, under the direction and supervision of the contractor or a subcontractor employed by the prime contractor, and the said work was not being done under the direction and supervision of this answering defendant.

"(g) This answering defendant says and alleges that by reason of the matters and things herebefore alleged, and particularly by

reason of the prime and independent contract herein referred to and pleaded, with the several documents forming a part thereof, that this defendant is in nowise indebted to the plaintiff for any sum whatsoever, and that if the plaintiff recovers any amount or judgment against this answering defendant, that this defendant is entitled to judgment over against said contractor and any subcontractor doing or performing any work under said project or contract for or by the consent and employment of the prime contractor, and that this defendant is only secondarily liable and that all of the other defendants are primarily liable to this defendant to pay and satisfy any judgment, if there is a recovery therein in favor of the plaintiff, and this defendant hereby pleads against the other defendants primary liability, and this defendant pleads its primary right of recovery against the other defendants."

After a study of the record and the briefs of the parties, we have come to the conclusion that the allegations in the answer of the city of Wilmington, that these appellants ask to be stricken out, are irrelevant, and that their remaining therein will be prejudicial to the rights of these appellants in the trial of the case. The lower court should have allowed the motion to strike the challenged allegations from the answer of the city of Wilmington; and its failing to do so is reversible error.

The Carolina Power & Light Company, in its own right and as successor by merger of the Tide Water Power Company, entered a special appearance, and moved to strike the names of the Carolina Power & Light Company and the Tide Water Power Company as parties defendant. The motion was granted, and these appellants appealed. The identical question was decided by this Court in "W. J. Hayes, administrator of the estate of W. J. Hayes, Jr., *v.* City of Wilmington *et al.*"— the same defendants here—which case is reported *ante,* 525, 91 S.E. 2d 673. Upon authority of that case the ruling of the lower court in striking out the names of the Carolina Power & Light Company and of the Tide Water Power Company as parties defendant is reversed.

The orders of the lower court on the two motions to strike are

Reversed.

BARNHILL, C. J., took no part in the consideration or decision of this case.