LELIA BRIGGS v. LACY DICKEY, EXECUTOR OF THE ESTATE OF
L. F. TROXLER, DECEASED.

(Filed 25 February, 1959.)

**Executors and Administrators § 24a: Pleadings § 31— Allegations
presenting matter which may become material on the trial held
erroneously stricken.**

In an action to recover the reasonable value of personal services
rendered decedent in reliance on decedent's verbal contract to devise
certain lands to plaintiff, allegations in the answer that decedent did
in fact devise a part of the lands to plaintiff, that plaintiff knew of
the provisions of the will, and by her acts and conduct accepted the
provision in full satisfaction, or, at least, that the value of the property
actually devised should be treated as *pro tanto* payment for any amount
found due for the services, *held* erroneously stricken on motion, since
it cannot be determined prior to the introduction of evidence that they
are irrelevant, redundant, or that their retention would unjustly preju-
dice plaintiff's cause.

CERTIORARI to review an order of *Johnston, J.,* entered in the above-
entitled cause at the June 2, 1958 Civil Term, GUILFORD Superior
Court.

*Bethea and Robinson, By: Norwood E. Robinson for plaintiff,
appellee.*
*John D. Xanthos, Rufus W. Reynolds for defendant, appellant.*

HIGGINS, J.   The plaintiff sued on *quantum meruit* for the value of
services rendered by her to the defendant's testator and his wife be-
ginning March 4, 1949, and ending September 30, 1957. She alleged
she rendered the services in consideration of a promise on the part
of the defendant's testator that he would devise to her a certain de-
scribed farm containing 75 acres in Guilford County; that he ac-
cepted the services but failed to make the devise as promised; that
her services were reasonably worth $10,200.00, for which she asked
judgment.

After a denial of the material allegations of the complaint, the de-
fendant, as a part of his further defense, alleged in brief summary:
The testator executed his will in which he devised approximately
half the farm to the plaintiff; that the devise was in consideration of
and in payment for her services; that he fully advised her of the
terms of his will more than three years prior to his death; that she
entered into possession of the land so devised and improved the same
and used it as her own during the lifetime of the testator, "and agreed

by her acts and conduct to receive said devise in satisfaction for any 'services . . . rendered"; that she is estopped to deny payment, having elected to accept the devise; that if she is entitled to recover anything for services, the value of the property devised to her should be treated as *pro tanto* payment on any amount found to be due. The superior court, by order, struck from the defendant's further defense the allegations above summarized. The *writ of certiorari* brought the order here for review.

The rules of law applicable to motions to strike pleadings are set forth and fully discussed in many decisions of this Court. *Hayes v. Wilmington,* 243 N.C. 548, 91 S.E. 2d 690; *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660; *Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410; *Trust Co. v. Dunlop,* 214 N.C. 196, 198 S.E. 645. Pleadings may be stricken if they are unduly repetitious, redundant, or prejudicial.

The stricken portions of the defendant's pleading involve matters which may constitute a complete or a partial defense to the plaintiff's claim. We cannot say at this stage of the proceeding that they are irrelevant, redundant, or that their retention would be unjustly prejudicial to the plaintiff's cause. The language of this Court in the case of *Hildebrand v. Telephone Co.,* 216 N.C. 235, 4 S.E. 2d 439, seems to be appropriate here: "However, without intimating an opinion upon the sufficiency as a defense of the matters set up in the paragraphs of the further answer which were ordered stricken out, or deciding their legal effect, we think the allegations should be permitted to remain in the defendant's pleading; and that the court should not cut off at the outset an alleged defense which may or may not become material at the trial. The matter can be more properly presented for judicial determination when the evidence is offered at the hearing."

The motion to strike should have been denied. The order allowing it is

Reversed.