Seaweiu, Judge,
 

 delivered the opinion of the Court:
 

 By the first clause of this will, the testator devises th his daughters several tracts of land, and provides in the same clause, that if either of them should die before marriage, the lands devised to such one so dying, should go to the survivor; and in case they should all die before marriage, the lands so devised should go to the Boddies and Crudups. By the latter clause, the testator devises to his same daughters a number of slaves, together with other specified personal estate, and then adds a general sweeping clause, of all the rest and residue of his estate, both real, personal and mixed, to be equally divided amongst them, when the two eldest arrive at the age of eighteen years or marry ; and that if either of them should die before their arrival at eighteen years or marriage, then the share of the one so dying should go to the survivors ; but if they should all die before they arrive at eighteen years, or marry and have issue, then the said personal estate, particularly specifying it, and all other property, which they were entitled to by his will, should go to the Boddies, the Perries, the Rixes, and the Arringtons.
 

 Mourning, one of the daughters, arrived at eighteen years and married, but died without
 
 issue;
 
 and the question is, do the lands devised to her, pass to the surviving sisters, or do they descend to her. heirs at law ? If the lands be not affected by the latter clause, it is clear they become vested ; and upon looking into both clauses, it appears plain, that it was not intended by the testator, that
 
 *325
 
 they should bo subject to it in any manner. The first is a plain limitation to the Boddies and Crudups, upon a default of the daughters arriving at eighteen years or marriage, The otiier clause respecting the personal estate is limited to a different set of persons, and not upon the same contingency that the lands were limited upon, but upon a default of their dying unmarried, under eighteen years of age, and
 
 without
 
 issue. So that it seems impossible to suppose, he could have intended, consistently with all he iiad declared, to have made the lands subject to that clause ; nor can we be brought to understand him so, by any thing short of downright and- positive declarations, these lie has not made ,* but he has used terms, which comprehend them within their scope. He has said, f< all the other property”
 
 ;
 
 but as they do not otherwise than by construction, embrace the lands, such construction must stand controlled by, the other clause^ whose peculiar office it was to dispose of them.
 

 The case is therefore not like those where the same identical thing is devised to two different persons, by different clauses
 
 ;
 
 there it is impossible to understand the testator, on account of the
 
 same thing
 
 being twice
 
 devised;
 
 here a
 
 general term,
 
 is used, and the testator’s general intent is easily perceived» But if the lands were considered as subject to the second clause, a remainder to the surviving sisters, was not to take place, but upon a dying un married, un'der eighteen years of age and
 
 without issue ;
 
 for the words of the will are, “ if she should die under eighteen,
 
 or
 
 unmarried and without issue”; yet the copulation
 
 or
 
 must be understood
 
 and,
 
 otherwise a dying
 
 without issue,
 
 if under eighteen, would not prevent the estate from passing to the survivors : and surely it was the intention of the testator to provide for the issue, if we respect his declarations.
 

 But it has already been decided in this Court, upon this will, and this very clause, that such construction
 
 *326
 
 should be put upon the word
 
 or :
 

 (a)
 
 and the cases cited by the Plaintiffs counsel are decisive in favor of this * construction.
 
 (b)
 
 It has, however, been insisted, that though this should be the proper construction, in relation to the personal estate, yet in respect of,the real, the same Words may be construed differently
 
 ;
 
 and Forth v. Chapman
 
 (c)
 
 is cited as an authority. This case lias been fully answered on the other side, by the case of Richards v. Burgaveny,
 

 (d)
 

 which determines, that whenever the real and personal estates are to go over
 
 together,
 
 there the same construction shall be applied to the words 'in relation to each. This case is noticed in Fearne,
 
 (e)
 
 by way of note to Forth v. Chapman. Which ever way, therefore, the case is considered, there must be judgment for the heirs at law; and tiie act of Assembly of 179©, having made bastard brothers and sisters, capable of inheriting from each other, in like manner as if they were legitimate, there must be judgment for their lessees also.
 

 (a)
 

 1 Murph.
 
 356.
 

 (b)
 

 1 Wills. 140, 3 Term 47. 4 Term 441.
 

 (c)
 

 1. P. Wms. 663.
 

 (d)
 

 2 Vernon, 324.
 

 (e)
 

 2 Fearne 193.