ROGERSON v. LUMBER CO.

(Filed October 18, 1904).

APPEAL—*Judgments—Interlocutory Orders.*

> Where an action to recover damages for cutting timber on land depended on the construction of a will of the previous owner, and the court, after submission on the pleadings and agreed case, decided the construction issue in favor of plaintiffs and adjudged that they recover such damages as they had sustained by reason of defendant's acts, and retained the cause for the assessment of damages by a jury or by reference, an appeal by defendant from such decision before damages had been assessed and final judgment entered was premature.

ACTION by J. Rogerson and others against the Greenleaf-Johnson Lumber Company, heard by *Judge Frederick Moore,* March Term, 1904, of the Superior Court of MARTIN County.

This action was brought to recover damages for cutting timber on land claimed by the plaintiffs under the will of Joseph Corey. He devised land to his daughter, Sarah F. Rogerson, for her life, and added that if she died leaving no heirs of her body the land should revert to his family. The plaintiffs, who are the children of Sarah, contend that at their mother's death they took a remainder in fee by implication of law. The defendant purchased the timber on the land from Sarah. The plaintiffs further contend that she, having only a life estate, could not convey a good title to the timber as against them. The defendant contends that the limitation over to the family, upon the contingency mentioned, is in the residuary clause of the will and does not apply to the land in controversy, known as the "pocosin land," which is given to Sarah in a separate item, and if it does apply, that Sarah took an estate in fee tail under the rule in Shelley's case, which was converted into a fee-simple absolute by the Act of 1784 (The Code, sec. 1325). The matter was submitted to the Court for its decision upon the facts admitted in the pleadings and a case agreed. The Court, "being of opinion with the plaintiffs, adjudged that they recover such damages as they have sustained by reason of the acts of the defendant," and retained the cause for the assessment of damages by a jury or by reference. The defendant excepted and appealed.

*Harry W. Stubbs,* for the plaintiff.
*Gilliam & Martin,* for the defendant.

WALKER, J., after stating the case. We cannot decide the interesting question raised in this case, as it is not properly before us. The appeal is fragmentary, not having been taken from a judicial order or determination of the Court which affects a substantial right of the defendant. On the con-

trary, the appeal was taken from a mere opinion of the Court upon one of the questions of law involved in it, and which did not put an end to the action. We are asked to decide, not the whole controversy but only a part of the case. If we should comply with the request, and the case should be further tried upon the question of damages, and either side should allege errors in the trial of that issue and appeal, we should have the anomalous case presented by two Judges trying different parts of the same controversy, which the law has always required to be tried by only one. It is true that we can award a new trial upon any one issue, when there has been error only as to that one, and remand the case for the trial of that issue, and the matter may again come before us by appeal, but the appeals will have been taken from final judgments, and the case thus presented, it will be seen, depends altogether upon a principle different from the one which must govern in this appeal. In *Hines v. Hines,* 84 N. C., 122, an appeal was taken from just such a ruling as we have in this case upon a case agreed, in which the question was propounded: "Can the plaintiff maintain his action, and is he entitled to his account of rents and profits?" The appeal was held to be premature, and the language of *Ashe, J.,* who wrote the opinion of the Court, is so apposite that we reproduce it: "The case by the appeal in the manner it is brought before this Court is fragmentary. The law involved is by '*pro forma*' judgment sent to this Court, while the facts and merits of the case are retained in the Court below to await the opinion of this Court upon the question of law. Such a proceeding is an innovation upon the practice of the Court, and to entertain the appeal would be establishing a bad precedent, to which this Court cannot give its sanction. The parties in this case should have gone on regularly to trial of the case upon all the issues raised by the pleadings, according to the regular practice of the Court, and if the Court

ROGERSON v. LUMBER CO.

should have erred in its judgment or any of its rulings, then to have brought the whole case before this Court by appeal, that its decision upon the questions of law involved and controverted might be finally adjudicated."

The case of *Moore v. Hinnant,* 87 N. C., 505, is directly applicable: "The statement," says *Smith, C. J.,* "should embrace all the facts material to a final and complete determination, with nothing further to be done except to carry the judgment into effect. The present statement seems to be defective in not specifying any goods attached and to be restored in case of a decision favorable to the plaintiff." In *Little v. Thorne,* 93 N. C., 69, "the Court was asked to construe a will, and gave judgment expressing an opinion" upon the construction of it, whereupon the plaintiffs appealed. The appeal was dismissed as not taken from any judgment of the Court finally and completely determining the rights of the parties  To the authorities cited above may. be added the following cases which are to the same effect: *Comrs. v. Satchwell,* 88 N. C., 1; *Lutz v. Cline,* 89 N. C., 186; *Jones v. Call,* 89 N. C., 188; *Taylor v. Bostic,* 93 N. C., 415; *Arrington v. Arrington,* 91 N. C., 301. The law does not confer upon parties who differ as to the law of their case the right to propound interrogatories to the Court, on a case agreed, in respect thereto. The case must be so presented as to enable the Court to hear and determine it and to render judgment thereon as if an action were pending. *McKeithan v. Ray,* 71 N. C., 165; Clark's Code (3 Ed.), sec. 567. It was not intended, either by a case under that section or by a case agreed, to provide "a mode of propounding queries to the Court to settle abstract questions of law where no judgment can be rendered directing the defendant to do or not to do some particular act." *Clark, J.,* in *Farthing v. Carrington,* 116 N. C., 325. There must be a judgment of some kind, upon which an execution can issue or which can be

enforced by the process of the Court. *Carter v. Elmore,* 119 N. C., 296.

The right to submit controversies for the decision of· the Court, upon facts which the parties have agreed upon, does not exist "unless the question of difference might be the subject of a civil action." *Milliken v. Fox,* 84 N. C., 109. The determination of the matter must therefore be as comprehensive and as conclusive of the rights of the parties, when it is made, as a judgment in a civil action would be. The Court can no more hear a case agreed by little and little or decide it in parts or fragments than it can with legal propriety pursue that course in the trial of a civil action, for which, as far as it goes, the case agreed is a substitute, dispensing with the findings of fact and presenting to the Court nothing but the law, the decision of which will finally determine all the rights of the parties involved in the controversy. The case of *Hicks v. Gooch,* 93 N. C., 112, is in all essential respects analagous to the case at bar. It was an action to recover the possession of land and damages for the unlawful entry and the mesne profits. The issue as to title and the right of possession was tried and an inquiry into the damages ordered to be made by a jury at the next term. The defendant excepted to the rulings upon the first issue and appealed. The Court dismissed the appeal upon the ground that it was fragmentary, and insisted on a strict observance of the rule that an appeal must be from a judgment embracing and settling all the matters in controversy, and having as its basis a verdict upon all the issues. See also *Rodman v. Calloway,* 117 N. C., 13. It may well be doubted if a case can be submitted and decided under sec. 567 of The Code or upon a case agreed, unless the submisssion extends to every issue necessary to determine the rights and liabilities of the parties, including of course the issue as to the amount of the liability when the case or action sounds in damages.

ROGERSON *v.* LUMBER CO.

The appeal in this case was not only premature, having been taken before the case had in its development reached that stage where the action of the Court could be reviewed, but there was in fact no determination of the Court, which in a proper legal sense was a judgment from which an appeal could be taken. Clark's Code (3 Ed.), sec. 548, pp. 741, 753..

What was done was clearly contrary to the course and practice of the Court and was therefore irregular. If the judgment had been in favor of the defendant it would have been final, and the latter could have appealed, but not so where it was against the defendant, in which event an assessment of damages was required before the controversy could be completely determined and final judgment entered.

The point we have discussed was not made in this Court, but we must take notice of the defect in the record, as we are required by statute to do so, and, besides, it affects our jurisdiction of the case, and one of the first inquiries in every case should be has the Court jurisdiction of the cause and the parties?

In accordance with the rule laid down in the cases we have cited, the appeal must be dismissed and the case remanded, to the end that such other and further proceedings may be had as are agreeable to law.

Appeal Dismissed.