JESSE TEASLEY v. CLARA D. TEASLEY.

(Filed 10 January, 1934.)

**Appeal and Error J e—Where party is not prejudiced by refusal of his motion to strike out, judgment will be affirmed.**

> Where defendant denies an allegation in plaintiff's complaint and avers matters in elaboration of such denial, the refusal of plaintiff's motion to strike out such further averment on the ground that it was not made in good faith, but to delay trial by contesting the case, the docket being congested, will not be disturbed on appeal, since the case would remain on the docket as a contested case even if the motion were granted, and it appearing that no harm resulted to plaintiff from the refusal of the motion. As the matter alleged in elaboration of the denial would be competent in evidence merely upon the allegation and denial, whether the ruling affected a substantial right and was appealable, *quære?*

APPEAL by plaintiff from *Harding, J.,* at October Term, 1933, of MECKLENBURG.

Civil action for divorce *a vinculo* on the ground that "there has been a separation of husband and wife, and plaintiff and defendant have lived separate and apart for two years."

Answering, the defendant denies that the parties have lived separate and apart, within the meaning of chapter 163, Public Laws, 1933, for two years; and further avers "the truth concerning the separation" is, that plaintiff and defendant are living apart by agreement and under order of court that plaintiff shall support the defendant.

Motion by plaintiff to strike out the further allegation of the answer, pleaded in bar of plaintiff's right to a divorce, for that the same is not made in good faith but to delay a trial of the cause, the civil issue docket in Mecklenburg County being so congested that contested cases cannot be heard for a year or more.

Affidavits of crimination and recrimination were filed on both sides.

The only judgment appearing on the record is the following:

"The court overruled the motion."

Plaintiff appeals, assigning error.

*Thomas W. Alexander for plaintiff.*
*No counsel appearing for defendant.*

STACY, C. J. As we understand the record, the further averment of the answer, which the plaintiff seeks to have stricken out, is but an elaboration of the denial, previously made, of the allegation that the

parties have lived separate and apart for two years within the meaning of chapter 163, Public Laws, 1933.

If the motion were allowed, the case would still remain on the docket as a contested case; and, in view of the affidavits relative to "the truth concerning the separation," we are not disposed to try to chart the course of the trial in advance of the hearing upon its merits. *Pemberton v. Greensboro, ante,* 599. It is not perceived that any harm has come to the plaintiff from the court's action, or that any injury is likely to result therefrom. The ruling will not be disturbed on the record as presented.

Indeed, it may be doubted whether the ruling affects such a substantial right as to make it appealable. *Billings v. Observer,* 150 N. C., 540, 64 S. E., 435; *Rogerson v. Lumber Co.,* 136 N. C., 266, 48 S. E., 647; *Lutz v. Cline,* 89 N. C., 186. The evidence as to the true nature of the separation would be competent with or without the explanatory allegation.

The case is not like *Deloatch v. Vinson,* 108 N. C., 147, 12 S. E., 895, cited and relied upon by plaintiff, or *Ellis v. Ellis,* 198 N. C., 767, 153 S. E., 449.

Affirmed.