ESSIE McDONALD v. U. A. ZIMMERMAN.

(Filed 20 June, 1934.)

**Pleadings I a—Refusal to allow motion to strike out will not be held for error where allegations are not wholly irrelevant.**

In this civil action for wrongful conversion, the refusal of a motion to strike out certain paragraphs of the complaint tending to show the course of dealings between defendant and his agent is not held for error, since the allegations are not wholly irrelevant and it is assumed on appeal that the trial court will not allow such allegations to be made the basis for the introduction of evidence irrelevant to the cause of action stated.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Harding, J.,* at November Term, 1933, of MECKLENBURG.

Plaintiff alleged that she was the owner of a 4½ per cent North Carolina bond, payable to bearer, which had been entrusted by her to one Leonore W. Seay for sale, and that the said Seay had wrongfully converted said bond and applied the proceeds thereof to the use and benefit of the defendant. It was further alleged in substance that Leonore W. Seay was the agent of defendant and that they had been engaged in various check kiting transactions in purchases and sales on the stock market. The defendant made a motion in apt time to strike out paragraphs 1, 2, 3, 4, and 5 of the complaint for the reason that they were irrelevant and immaterial, and involved transactions not connected with the cause of action asserted by the plaintiff.

The trial judge overruled the motion to strike out and the defendant appealed.

*Thaddeus A. Adams and J. Louis Carter for plaintiff.*
*John Newitt and Ray S. Farris for defendant.*

BROGDEN, J. It is accepted law that facts and transactions which have no vital relation to the cause of action alleged, ought not to be scrambled in a complaint. However, mere scenery and stage decoration contained in a pleading do not warrant the conclusion that such may form the basis for the introduction of incompetent evidence at the trial. It is to be assumed that the trial judge will confine the evidence to the cause of action set up. Consequently it cannot be held, as a matter of law, that the allegations in the present complaint purporting to disclose the course of dealing between the defendant and his agent, Seay, are wholly irrelevant and harmful. See *Pemberton v. Greensboro,* 203 N. C., 514, 166 S. E., 396.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.