MERRIMON HAWKINS v. CLYDE R. MOSS.

(Filed 30 September, 1942.)

**1. Pleadings § 3a—**

    Ultimate facts are always such as are put directly in issue.   Probative facts are those which may be in controversy but are not issuable.   The ultimate facts are those which the evidence upon the trial will prove, and not the evidence required to prove those facts.

**2. Pleadings § 29—**

    Ultimate facts, though alleged in decorative and high-flown language, are within the pale of proper pleading and should not, on motion, be

stricken out under C. S., 537; while allegations, which are wholly evidential and probative, have no place in stating a cause of action and should be stricken out.

APPEAL by defendant from *Phillips, J.,* at February Term, 1942, of BUNCOMBE.

Civil action to recover damages for alleged alienation of the affections of plaintiff's wife.

Motion of defendant, aptly made in court below, to strike certain portions of the complaint, was overruled; except as to one phrase. Defendant appealed therefrom to Supreme Court, and assigns error.

*W. K. McLean and Vonno L. Gudger for defendant, appellant.*
*No counsel contra.*

WINBORNE, J. "The function of a complaint" as stated by *Walker, J.,* in *Winders v. Hill,* 141 N. C., 694, 54 S. E., 440, "is not the narration of the evidence, but a statement of the substantive and constituent facts upon which the plaintiff's claim to relief is founded. The bare statement of the ultimate facts is all that is required, and they are always such as are directly put in issue. Probative facts are those which may be in controversy, but are not issuable. Facts from which the ultimate and decisive facts may be inferred are but evidence, and therefore probative. Those from which a legal conclusion may be drawn and upon which the right of action depends are the issuable facts which are proper to be stated in a pleading. The distinction is well marked in the following passage: 'The ultimate facts are those which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts.' *Wooden v. Strew,* 10 How. Pr., 48; 4 Enc. of Pl. and Pr., p. 612." See also *Revis v. Asheville,* 207 N. C., 237, 176 S. E., 738.

Upon motion of any party aggrieved, aptly made, the court may strike out irrelevant and redundant matter appearing in a complaint. C. S., 537. Applying this statute and the principle above stated to the complaint in hand, it appears that all the portions to which exception is taken and which were not stricken out below, other than the allegations in paragraphs nine and ten, relate directly to the ultimate facts and, though of decorative quality and expressed in somewhat high-flown language, they are within the pale of proper pleading in statement of the cause of action. See *McDonald v. Zimmerman,* 206 N. C., 746, 175 S. E., 92. On the other hand, the allegations contained in paragraphs nine and ten are wholly evidential and probative, and have no place in stating the cause of action, and for that reason should be stricken out. Hence, the judgment below is modified in accordance with these rulings.

Modified and affirmed.