WALKER W. HINSON v. J. LLOYD BRITT, LEO H. MANLEY, AND FRANK J. AUSTIN, COMPOSING THE CITY OF ASHEVILLE BOARD OF ALCOHOLIC CONTROL; ALFRED A. DOWTIN AND HARRY H. HORTON, AGENTS FOR THE CITY OF ASHEVILLE BOARD OF ALCOHOLIC CONTROL, AND ALFRED A. DOWTIN AND HARRY H. HORTON, INDIVIDUALLY.

(Filed 20 September, 1950.)

**1. Public Officers § 4a—**

The fact that law enforcement officers appointed by a board of alcoholic control have not given bond, G.S. 128-9, does not affect their capacity to execute a search warrant or other judicial process, since the giving of bond is not a condition precedent to the authority of a public officer to perform his duties but is solely for the protection and indemnification of

persons who may be damnified by his failure or neglect in the discharge of his duties.

## 2. Public Officers § 5a—

A duly appointed public officer is a *de facto* officer notwithstanding his failure to give bond required by statute, and his acts as such are valid in law in respect to the public, whom he represents, and to third persons, with whom he deals officially.

## 3. Appeal and Error § 40f—

The refusal of the trial court upon apt motion to strike irrelevant matter from a pleading will not be disturbed on appeal when the retention of the matter in the pleading will not cause harm or injury to the moving party, since movant's rights may be protected by objection to testimony offered to prove the irrelevant matter or by proper request for instructions as to the legal effect of such testimony.

APPEAL by defendants from *Rousseau, J.,* at the July Term, 1950, of BUNCOMBE.

Civil action to recover damages for an alleged wrongful search of the plaintiff's premises.

The amended complaint alleges, in substance, that the defendants J. Lloyd Britt, Leo H. Manley, and Frank J. Austin constitute the City of Asheville Board of Alcoholic Control under Chapter 1083 of the 1947 Session Laws of North Carolina; that prior to 13 January, 1950, the City of Asheville Board of Alcoholic Control appointed the defendants Alfred A. Dowtin and Harry H. Horton law enforcement officers under the provisions of G.S. 18-46; that thereafter Dowtin and Horton actually performed the duties of such law enforcement officers without giving the official bonds required of them by G.S. 128-9; that on 13 January, 1950, Dowtin and Horton, acting as law enforcement officers under the direction of the City of Asheville Board of Alcoholic Control, searched the home and adjacent premises of the plaintiff over his active protest without a search warrant with a view to the discovery of illicit intoxicating liquors; that the search was illegal and constituted a trespass upon the plaintiff's premises because Dowtin and Horton acted without a search warrant; that the search was wrongful and constituted a trespass upon the plaintiff's premises even if Dowtin and Horton had a search warrant for the additional reason that they had no authority to execute a search warrant or other judicial process because of their failure to give the official bonds required of them by G.S. 128-9; and that the plaintiff is entitled to recover substantial compensation of the defendants for injuries occasioned to his property, reputation, and feelings by the wrongful invasion of his premises.

Before answering, demurring, or obtaining an extension of time to plead, the defendants moved to strike out certain designated parts of the

amended complaint, including portions of paragraphs 3, 4, 5, and 6 containing the factual averment that Dowtin and Horton had failed to give the official bonds required of them by G.S. 128-9, and the legal conclusion that by reason thereof they lacked capacity in law to execute a search warrant or other judicial process. The court refused to strike these portions of paragraphs 3, 4, 5, and 6 from the amended complaint, and the defendants appealed, assigning such ruling as error.

*No counsel for plaintiff, appellee.*

*Herschel S. Harkins for defendants, appellants.*

ERVIN, J.  Motions to strike out separate parts of pleadings are sanctioned by this provision of the Code of Civil Procedure: "If irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby, but this motion must be made before answer or demurrer, or before an extension of time to plead is granted." G.S. 1-153.

The City of Asheville Board of Alcoholic Control is empowered by law to appoint one or more law enforcement officers having "the same powers and authorities . . . as other peace officers." 1947 Session Laws, C. 1083; G.S. 18-46. Any person so appointed is required by the statute codified as G.S. 128-9 to give a bond to the State for the faithful discharge of the duties of his office. *Jordan v. Harris,* 225 N.C. 763, 36 S.E. 2d 270.

Nevertheless, the omission of the defendants Dowtin and Horton to give the bonds required of them by G.S. 128-9 did not affect their capacity to execute a search warrant or other judicial process. The law exacts the statutory bond of the law enforcement officer for the protection and indemnification of persons who may be damnified by his failure or neglect in the discharge of the duties of his office, and not as a condition precedent to his authority to act in the performance of such duties. 46 C.J., Officers, section 89; 57 C.J., Sheriffs, section 14.

Besides, Dowtin and Horton were appointed law enforcement officers by the City of Asheville Board of Alcoholic Control under statutory authority, and exercised the duties of their offices pursuant to such appointment. This being true, each of them was a *de facto* officer under the rule that a person is a *de facto* officer where the duties of the office are exercised "under color of a known and valid appointment or election, but where the officer failed to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like." *S. v. Lewis,* 107 N.C. 967, 12 S.E. 457, 13 S.E. 247, 11 L.R.A. 105. The acts of a *de facto* officer are valid in law in respect to the public, whom he represents, and to third persons, with whom he deals officially. *In re Wingler,* 231 N.C. 560, 58 S.E. 2d 372.                   .                   ʼ

For these reasons, the allegations that Dowtin and Horton failed to give the bonds required of them by G.S. 128-9 are irrelevant on the present pleading, and the court ought to have stricken from the amended complaint the parts of paragraphs 3, 4, 5, and 6 designated by the defendants.

Notwithstanding this conclusion, the refusal of the court to strike the allegations in question from the amended complaint must be affirmed on the record presently presented. This Court does not correct errors of the Superior Court unless such errors prejudicially affect the substantial rights of the party appealing. Hence, the denying or overruling of a motion to strike matter from a pleading under the provisions of G.S. 1-153 is not ground for reversal unless the record affirmatively reveals these two things: (1) That the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm or injustice to the moving party. *Teasley v. Teasley,* 205 N.C. 604, 172 S.E. 197.

The record does not indicate that the defendants will suffer any harm or injustice by allowing the objectionable allegations to remain in the amended complaint. Indeed, it is manifest that the defendants can fully protect their rights in this connection by objecting to any testimony tending to show that Dowtin and Horton failed to give the bonds required of them by G.S. 128-9, or by requesting a proper instruction as to the legal effect of such testimony. *Scott v. Bryan,* 210 N.C. 478, 187 S.E. 756; *Pemberton v. Greensboro,* 205 N.C. 599, 172 S.E. 196; 5 C.J.S., Appeal and Error, section 1689.

Affirmed.