BRYCE E. NEAL, EXECUTOR OF THE ESTATE OF WILLIE BENNETT NEAL, DECEASED, v. ATLANTIC GREYHOUND CORPORATION.

(Filed 5 March, 1952.)

**Appeal and Error § 40f—**

> The Supreme Court will not attempt to chart the course of the trial upon appeal from an order denying motion to strike, and will not disturb the order when it does not appear that the allegations attacked are not germane, certainly when appellant can fully protect its rights by objections to the evidence and to the issues.

APPEAL by defendant from *Pless, J.,* at September Term, 1951, of FORSYTH.

Civil action heard upon a motion to strike various parts of the complaint.

The plaintiff's testate allegedly suffered fatal injuries on 20 October, 1950, in a collision occurring at Madison, N. C., between a private automobile in which the testate was riding and a passenger-carrying motor bus owned and operated by the defendant. The complaint undertakes to state two causes of action against the defendant, one for damages for the wrongful death of the testate, and the other for damages for the pain and suffering of the testate during the period between the injury and the death. *Hoke v. Greyhound Corp.,* 226 N.C. 332, 38 S.E. 2d 105. The defendant moved to strike eleven separate portions of the complaint for irrelevancy and redundancy under G.S. 1-153. Judge Pless entered an order denying the motion in its entirety, and the defendant appealed, assigning error.

*Ratcliff, Vaughn, Hudson, Ferrell & Carter for plaintiff, appellee.*
*Deal, Hutchins & Minor for defendant, appellant.*

ERVIN, J. No good purpose will be served by our analyzing in detail the various allegations of the complaint challenged by the motion to strike, or by our attempting to chart in advance the course of the trial in the court below. It is altogether likely that most of the questions which counsel debate before us with marked earnestness and manifest research will fall by the wayside when the cause is heard on its merits in the Superior Court. We cannot see clearly at this stage of the action that the allegations under attack have no possible bearing on the subject matter of the litigation. 71 C.J.S., Pleading, section 474. Besides, it is apparent, we think, that the defendant can fully protect its legal rights in the premises by objections to testimony and objections to the submission of issues. *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185. For these reasons, the order denying the motion to strike will not be disturbed.

Affirmed.