M. L. LEDFORD, ADMINISTRATOR OF THE ESTATE OF KAREN LOIS HARRIS, DECEASED, v. MARION TRANSPORTATION COMPANY, A CORPORATION.

(Filed 4 March, 1953.)

Appeal and Error § 40f—

    The denial of a motion to strike certain portions of the complaint will not be disturbed on appeal when appellant has not been harmed or prejudiced thereby.

APPEAL by defendant from *Pless, J.,* at Chambers in Marion, N. C., 29 December, 1952. From McDOWELL.

This is an action for wrongful death resulting from the alleged negligence of the defendant.

The defendant in apt time moved to strike certain portions of the complaint. The motion was denied. The defendant appeals and assigns error.

*Proctor & Dameron and Hamrick & Jones for plaintiff, appellee.*

*Everette C. Carnes for defendant, appellant.*

DENNY, J.  No useful purpose would be served by setting out in detail the specific allegations of the complaint challenged by the motion to strike. However, if it be conceded that the complaint is not as concise and devoid of repetition as it might be in stating the plaintiff's cause of action, we can see nothing in it that will be harmful or prejudicial to defendant's rights.

In *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185, we said: "This Court does not correct errors of the Superior Court unless such errors prejudicially affect the substantial rights of the party appealing. Hence, the denying or overruling of a motion to strike matter from a pleading under the provisions of G.S. 1-153 is not ground for reversal unless the record affirmatively reveals these two things: (1) That the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm or injustice to the moving party," citing *Teasley v. Teasley,* 205 N.C. 604, 172 S.E. 197. *Neal v. Greyhound Corp.,* 235 N.C. 225, 69 S.E. 2d 319; *Terry v. Coal Co.,* 231 N.C. 103, 55 S.E. 2d 926; *Hawkins v. Moss,* 222 N.C. 95, 21 S.E. 2d 873; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308; *McDonald v. Zimmerman,* 206 N.C. 746, 175 S.E. 92.

    The ruling of the court below is
    Affirmed.