V. D. FOSTER v. NEWBY HOLT AND CARL THOMAS HOLT.

(Filed 8 April, 1953.)

**1. Process § 10—**

Service of process under G.S. 1-105 and G.S. 1-106 is ineffective to obtain service on a citizen and resident of this State while such citizen is residing temporarily outside this State, or is in the armed services of the United States and stationed in another state or foreign country.

**2. Appeal and Error § 9—**

Where there is no appeal from judgment dismissing the action as to one defendant for failure of service of process, plaintiff may not later contend that the judge was without authority to dismiss the action because there was an outstanding valid *alias* summons at the time the ruling was made.

**3. Pleadings § 3a—**

The complaint should allege the ultimate facts upon which plaintiff's claim for relief is founded and not the evidential facts required to prove the existence of the ultimate facts.

**4. Pleadings § 31—**

Motion by a defendant in an automobile accident case to strike all reference in plaintiff's pleading to collision and liability insurance on the car is properly allowed.

APPEAL by plaintiff from *Moore, J.,* December Term, 1952, of RANDOLPH.

This is an action to recover for personal injuries and property damages resulting from the alleged negligence of the defendant, Carl Thomas Holt.

The plaintiff alleges in his complaint that he was injured and damaged in an automobile collision on or about 15 July, 1951, between his pickup truck and an automobile owned by the defendant Newby Holt and driven by his son Carl Thomas Holt; that the automobile was being driven with the consent and permission of the defendant Newby Holt; and that the defendant Newby Holt provided the automobile for the use and enjoyment of his family for general family purposes.

The defendant Newby Holt filed an answer in which he denied that he was the owner of the automobile involved in the collision, and alleged that it belonged to his son, Carl Thomas Holt, who was a minor over eighteen but under twenty-one years of age; that prior to the collision in question the said Carl Thomas Holt had been emancipated by his parents and was at the time of the collision working for himself.

It further appears from the record that Carl Thomas Holt is now in the United States Navy; that the summons issued in this action has never been personally served on him, and that he is still under twenty-one years of age.

After the return of the original summons unserved as to Carl Thomas Holt, the plaintiff undertook to have process and a copy of the complaint served on him pursuant to the provisions of General Statutes 1-105 and 1-106, and caused to be issued to the Sheriff of Wake County, under date of 21 August, 1952, an instrument purporting to be an *alias* summons, directing him to serve the same upon the Commissioner of Motor Vehicles of North Carolina as statutory attorney for Carl Thomas Holt. A copy of the complaint and *alias* summons were actually delivered to Carl Thomas Holt by registered mail. Thereafter, a guardian *ad litem* for Carl Thomas Holt, the infant defendant, was appointed, who made a special appearance on his behalf and moved to dismiss the action as to him.

This matter came on for hearing on the special appearance and motion to dismiss the action, as to Carl Thomas Holt, for lack of service of summons on him, at the October Term, 1952, of the Superior Court of Randolph County, before the Honorable William T. Hatch, Judge Presiding.

The court held, it having been made to appear that Carl Thomas Holt is a resident of the State of North Carolina, that the attempted service on him was and is null and void and that the action as to him should be dismissed, and entered judgment accordingly. No appeal was taken from this ruling. But thereafter, on 5 November, 1952, the plaintiff caused to be issued what purported to be an *alias* summons and had it served on the same date on the guardian *ad litem* for Carl Thomas Holt.

In the meantime, the plaintiff filed a reply to the answer of the defendant Newby Holt, in which the plaintiff denied that Carl Thomas Holt was the owner of the automobile involved in the collision in question, and again alleged that the car belonged to the defendant Newby Holt; that

he took title thereto at the time of its purchase and also took out collision and liability insurance thereon.

The defendant Newby Holt filed a motion to strike all references to collision and liability insurance in the plaintiff's reply.

The matter came on for hearing at the December Term, 1952, of the Superior Court of Randolph County at which time the court held "that this case has been and is dismissed as to the said Carl Thomas Holt," and allowed the motion to strike. From the judgment entered on the above rulings, the plaintiff appeals and assigns error.

*Ottway Burton for plaintiff, appellant.*
*H. M. Robins for defendants, appellees.*

DENNY, J. The method of serving process on a nonresident as provided in G.S. 1-105 and 1-106 is ineffective to obtain service of process on a citizen and resident of this State while such citizen is residing temporarily outside the State, or is in the armed services of the United States and stationed in another state or foreign country.

Therefore, at the time Judge Hatch dismissed this action as to the defendant Carl Thomas Holt, at the October Term, 1952, of the Superior Court of Randolph County, the infant defendant Carl Thomas Holt had not been served with legal process. However, the plaintiff contends that Judge Hatch was without authority to dismiss the action since at the time he made his ruling and entered his order, there was outstanding a valid *alias* summons and that the time for its service had not expired. Be that as it may, no exception was entered to the ruling or appeal taken therefrom. Hence, the action was terminated at that time as to Carl Thomas Holt and it is now too late to challenge the validity of the ruling. *Phipps v. Pierce,* 94 N.C. 514; *Ferrell v. Thompson,* 107 N.C. 420, 12 S.E. 109, 10 L.R.A. 361; *Barber v. Buffaloe,* 122 N.C. 128, 29 S.E. 336; *Harrison v. Dill,* 169 N.C. 542, 86 S.E. 518; *S. v. Bittings,* 206 N.C. 798, 175 S.E. 299; *Sprinkle v. Reidsville,* 235 N.C. 140, 69 S.E. 2d 179.

On the motion to strike, the rule laid down in *Winders v. Hill,* 141 N.C. 694, 54 S.E. 440, and followed in *Revis v. Asheville,* 207 N.C. 237, 176 S.E. 738, and other cases, is applicable here. In the *Winders case,* this Court said: "The function of a complaint is not the narration of the evidence, but a statement of the substantive and constituent facts upon which the plaintiff's claim to relief is founded. The bare statement of the ultimate facts is all that is required, and they are always such as are directly put in issue. Probative facts are those which may be in controversy, but they are not issuable. Facts from which the ultimate and decisive facts may be inferred are but evidence, and therefore probative. Those from which a legal conclusion may be drawn and upon which the

right of action depends are the issuable facts which are proper to be stated in a pleading. The distinction is well marked in the following passage: 'The ultimate facts are those which the evidence upon the trial will prove, and not the evidence which will be required to prove the existence of those facts.' *Wooden v. Strew,* 10 How. Pr. 48; 4 Enc. of Pl. and Pr., p. 612."

In McIntosh, North Carolina Practice and Procedure, section 379, page 389, it is said: "The material, essential, or ultimate facts upon which the right of action is based should be stated, and not collateral or evidential facts, which are only to be used to establish the ultimate facts. The plaintiff is to obtain relief only according to the allegations in his complaint, and therefore he should allege all of the material facts, and not the evidence to prove them, . . ." *Hawkins v. Moss,* 222 N.C. 95, 21 S.E. 2d 873; *Truelove v. R. R.,* 222 N.C. 704, 24 S.E. 2d 537.

The judgment of the court below is

Affirmed.