COLE HENRY v. HOME FINANCE GROUP, INC., HOME FINANCE COMPANY OF CHARLOTTE, INC., MARSHALL F. FORD, AND PAUL BYRD.

(Filed 25 May, 1955.)

**1. Appeal and Error § 40f—**

The refusal of the trial court to strike certain allegations from the pleadings will not be disturbed on appeal, even though the allegations be irrelevant or redundant, when their retention in the pleadings will cause no harm or injury to the moving party.

**2. Appeal and Error § 38—**

The burden is on appellant not only to show error, but also that the alleged error is material and prejudicial.

**3. Pleadings § 31: Libel and Slander § 15—**

In an action for slander, allegations to the effect that as a result of the alleged slander a person to whom plaintiff had sold merchandise became afraid that some of it had been stolen, and burned it, fails to allege special damage to defendant, and is irrelevant, and the refusal of the court to strike such allegations is prejudicial.

APPEAL by defendants from *Clarkson, J.,* September Term, 1954, of ANSON.

This is an action in which the plaintiff alleges in his complaint that he was slandered by the individual defendants, acting in their capacity as agents of the corporate defendants, and that by reason thereof he is entitled to $25,000 actual damages, $25,000 special damages, and $25,000 punitive damages, and in his prayer for judgment the plaintiff asks for execution against the person of each of the individual defendants if they be unable to pay such judgment as the plaintiff may recover in the action.

In apt time the defendants filed a motion to strike certain allegations of the complaint. The motion was allowed in part and denied in part.

From the order denying the motion in part, the defendants appeal and assign error.

*Bynum & Bynum for appellee.*

*G. T. Carswell, B. Irvin Boyle, and Taylor, Kitchin & Taylor for appellants.*

DENNY, J. The defendants expressly waive and abandon their first two assignments of error.

The third assignment of error is bottomed on an exception to the failure of the court below to strike all of paragraph 11 of the complaint which reads as follows: "That prior to the matters hereinafter set forth

plaintiff enjoyed the confidence, friendship, esteem and high regard of many friends and acquaintances, both socially and in business relationship, that his credit was good, and that his prospects for a useful and successful career in business were good."

These allegations are sufficiently repetitious that they might have been stricken by the court below, but on appeal we will not strike allegations merely because they are irrelevant or redundant unless in our opinion their retention in the pleadings will cause harm or injustice to the moving party. The burden is on the appellant not only to show error but also that the alleged error is material and prejudicial. *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660; *Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410; *Ledford v. Transportation Co.,* 237 N.C. 317, 74 S.E. 2d 653; *Woody v. Barnett,* 235 N.C. 73, 68 S.E. 2d 810; *Lambert v. Schell,* 235 N.C. 21, 69 S.E. 2d 11; *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551; *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185; *Teasley v. Teasley,* 205 N.C. 604, 172 S.E. 197. Certainly the defendants will suffer no prejudicial harm by allowing these allegations to remain in the complaint. Hence, this assignment of error is overruled.

The tenth assignment of error is to the refusal of the court below to strike all of paragraph 21 of the complaint, which contains allegations with respect to special damages. The plaintiff alleges in this paragraph that as a direct and proximate result of the wrongful acts and utterances of the defendants, *"a junked cars dealer who had purchased twenty (20) junked cars from plaintiff became afraid that some of the cars Cole Henry had been accused of stealing, as hereinbefore alleged, might be among those he purchased and he burned them,"* and, among other things, he alleges that as a result of the wrongful acts and utterances of the defendants, his credit was impaired, and sets out specific instances; that reports became rampant to the effect that he had embezzled funds from the defendants, etc. (Italics ours.)

In our opinion, that portion of paragraph 21 quoted above and italicized, is both irrelevant and prejudicial to the defendants and should be stricken, and it is so ordered.

We have carefully examined the remaining assignments of error and, under the doctrine or rule laid down in the decisions cited herein with respect to the denial of motions to strike, they are overruled.

Except as modified herein, the order below is affirmed.

Modified and affirmed.