LOUIS DI FIORE AND JOHN DI FIORE, INFANTS, BY THEIR GUARDIAN *AD LITEM* GRACE SCHULTZ, AND GRACE SCHULTZ, INDIVIDUALLY, PLAINTIFFS, v. ERIE-LACKAWANNA RAILROAD COMPANY, A NEW YORK CORPORATION, AND JAMES CANNELLA, DEFENDANTS.

Superior Court of New Jersey
Law Division   -

Decided April 6, 1961.

*Messrs. Milton M. & Adrian M. Unger* (*Mr. Joseph Gins-burg,* appearing), attorneys for plaintiffs.

*Mr. Richard B. Wachenfeld* (*Mr. John P. Walsh,* appearing), attorney for defendant Erie-Lackawanna Railroad Company.

*Messrs. Lamb, Langan & Blake* (*Mr. Joseph T. Ryan,* appearing), attorneys for defendant James Cannella.

MATTHEWS, J. C. C. (temporarily assigned). Defendant James Cannella moves to set aside service of process made upon him through the Director of the Division of Motor Vehicles, on the ground that he did not cease to become a resident of New Jersey, as required by *N. J. S. A.* 39:7–2.1 for such substituted service.

The facts surrounding service through the Director are as follows:

On or about April 13, 1958, Cannella, while driving his motor vehicle, was involved in a collision with a railroad train owned and operated by defendant, Erie-Lackawanna Railroad Company, at a grade crossing, maintained by defendant railroad on Monroe Street, in Garfield, New Jersey.

On December 1, 1960, a copy of the summons and complaint in the within action, instituted by passengers in the motor vehicle operated by Cannella, were allegedly served on him by leaving a copy of same with Anna Cannella, his mother, "at his usual place of abode," 346 Main Avenue, Wallington, New Jersey. At the time that said service was made, Cannella was, in fact, with the armed forces of the United States, stationed in the Republic of West Germany.

Cannella moved to have this process set aside as null and void, which motion was granted for the reasons set

forth in my letter opinion of March 2, 1961. Thereafter, plaintiffs attempted to effect service on Cannella through the Director of the Division of Motor Vehicles pursuant to *R. S.* 39:7–1 *et seq.* Defendant now moves to have this process set aside.

*N. J. S. A.* 39:7–2.1 makes the Director of the Division of Motor Vehicles the agent for the acceptance of process in any civil action against any resident of New Jersey who drives or causes to be driven a motor vehicle on any public highway of New Jersey which is involved in an accident or collision in this State, "if, and in case, such person shall cease to be a resident of this State and service of such process upon him within this State cannot be made by reason of his nonresidence."

Defendant contends that his absence from New Jersey due to his being stationed with the U. S. Army in West Germany is not a cessation of residence as required by *N. J. S. A.* 39:7–2.1. In support of this contention he cites *Evans v. Brooks, 93 Ga. App.* 352, 91 *S. E.* 2d 799 (*Ct. App.* 1956) and *Hart v. Queen City Coach Co.,* 241 *N. C.* 389, 85 *S. E.* 2d 319 (*Sup. Ct.* 1955) which are cases holding that servicemen, though stationed within a State, are non-residents, and, therefore, susceptible of service through the Motor Vehicle Department.

The issue as to whether a serviceman attains residency within this State merely by being stationed here is not before this court. In this regard, however, it should be noted that *Art. 2, Par.* 5 of the *New Jersey Constitution* provides:

"5. No person in the military, naval or marine service of the United States shall be considered a resident of this State by being stationed in any garrison, barrack, or military or naval place or station within this State."

Defendant also cites *Foster v. Holt,* 237 *N. C.* 495, 75 *S. E.* 2d 319 (*Sup. Ct.* 1953). The trial court in that case held that defendant, a member of the Armed Forces

stationed outside of his home state of North Carolina, was, nevertheless, a resident of North Carolina; thus service of process on him through the Director of Motor Vehicles was null and void.

It seems to me defendant Cannella and the trial court in *Foster v. Holt, supra,* appear to have confused "residence" with "domicile"; these terms are not convertible. A person may acquire several residences but only one domicile. *Cf. Kurilla v. Roth,* 132 *N. J. L.* 213, 215 (*Sup. Ct.* 1944). *N. J. S. A.* 39:7–2.1 speaks only of residence, not domicile.

It is not necessary to determine whether Cannella was, at the time that service was effected on him, a resident of West Germany. He may not have been. The question is whether he was at such time a resident of New Jersey. It is clear that he was not. *Kurilla v. Roth,* 132 *N. J. L.* 213, 215 (*Sup. Ct.* 1944); *Colon v. Pennsylvania Greyhound Lines,* 27 *N. J. Super.* 280 (*Law Div.* 1953). Thus, the requirement of *N. J. S. A.* 39:7–2.1 that "such person shall cease to be a resident of this State," has been met.

For the reasons herein stated, the motion of defendant Cannella to set aside the alleged service of process made upon him through the Director of the Division of Motor Vehicles, pursuant to *R. S.* 39:7–1 *et seq.,* is denied.