**Sylvester Jeff DENTON, Plaintiff,**

v.

**Blair Campbell ELLIS and Humble Oil & Refining Company, Defendants.**

**Civ. No. 948.**

United States District Court
E. D. North Carolina,
Wilson Division.

Sept. 1, 1966.

I. T. Valentine, of Valentine & Valentine, Nashville, N. C., for plaintiff.

J. C. Moore, Jr., of Young, Moore & Henderson, Raleigh, N. C., for defendants.

## OPINION AND ORDER

LARKINS, District Judge.

### STATEMENT OF THE CASE

This is a civil action in tort in which plaintiff seeks recovery of damages for personal injuries, property damages, hospital and medical expenses allegedly resulting from an automobile collision between the car of plaintiff and that of the defendant Humble Oil and Refining Company while being driven by individual defendant Ellis, alleged servant of Humble Oil.

The collision occurred on U. S. Highway 64 east of Raleigh in Wake County, North Carolina, on October 11, 1964; complaint was filed by plaintiff in Nash County Superior Court on August 31, 1965 and was removed to this court upon petition of defendant Humble Oil on September 23, 1965, jurisdiction being predicated upon diversity of citizenship between Humble Oil, a Delaware corporation, and the plaintiff, a resident of Nash County, North Carolina, and requisite amount in controversy.

On January 25, 1966, it was stipulated by attorneys for defendant Humble Oil and attorneys for the plaintiff that Humble Oil is a Delaware corporation domesticated and doing business in the State of North Carolina and Wake County, and that it has a duly-appointed process agent in Charlotte; that at the time and place of the collision, the defendant Ellis was operating an automobile owned and registered by Humble Oil in its name with the North Carolina Department of Motor Vehicles. There was no stipulation as to the residence of the individual defendant Ellis on the date of the collision.

Humble Oil Company has answered the complaint and is properly before the court; whether Ellis has been subjected to the jurisdiction of the court is the present question for decision. The first summons issued for Ellis was from Nash County Superior Court and directed to the Sheriff of Wake County; the summons was returned unserved "after due and diligent search," the defendant not having been found at the address given. Following removal of the action to this court by Humble Oil the plaintiff on March 18, 1966, caused an additional summons for Ellis to be issued by the Clerk of this court pursuant to Rule 4 of the Federal Rules of Civil Procedure. This summons and a copy of the complaint were served by the Sheriff of Wake County on the Commissioner of Motor Vehicles of North Carolina pursuant to N.C.Gen.Stat. 1–105 (Supp., 1965), and were sent with letter of transmittal to Ellis at his last known address in Virginia Beach, Virginia, only to be returned to the Commissioner unopened and marked by the postal authorities, "Moved, Left No Address." According to plaintiff's affidavit, this service pursuant to N.C.Gen.Stat. 1–105 was attempted upon information and belief that Ellis was at the time of the collision and at all times thereafter a resident of Virginia Beach, Virginia, rather than Raleigh, North Carolina, although the latter was alleged in the complaint.

On April 22, 1966, attorneys for Humble Oil moved on behalf of Ellis, who has not filed answer or made a general appearance, to quash the purported return of service on grounds that service was not made in compliance with Rule 4(d) (1) of the Federal Rules of Civil Procedure. Attorneys for plaintiff failed to respond within 20 days of the filing of the motion (Gen.Rule 4(F), U.S.Dist.Ct., E.D.N.C.), and on June 1, 1966, this court entered an order granting the motion and quashing the purported return of service.

Subsequently, plaintiff gained additional information as to Ellis' whereabouts and on May 26, 1966, served the Commissioner of Motor Vehicles with additional summons and complaint, which, with letter of transmittal, were sent by registered mail with return receipt requested to another designated last known address of the defendant in Virginia Beach, Virginia; again, the same result was had: "Moved, Left No Address".

On June 20, 1966, attorneys for defendant Humble Oil filed on behalf of Ellis a motion to quash the purported return of the May 26 service, "on the grounds that the summons was not served in accordance with Rule 4 of the Federal Rules of Civil Procedure." It is asserted in the motion "(t)hat the service attempted to be made under the North Carolina General Statutes 1–105 and 1–105.1 does not comply with constitutional due process unless the person sought to be served actually receives personal notice of the institution of the action against him; the record in this action and plaintiff's affidavit shows that the purported service made upon the North Carolina Commissioner of Motor Vehicles was forwarded by Registered Mail to Virginia Beach, Virginia, but said process was returned to the Commissioner of Motor Vehicles unopened and marked by the postal authorities 'Moved, Left No Address'." In further support of the motion, it is alleged that the June 1, 1966 order of this court al-

lowing the motion to quash the return of the March 18, 1966 service constitutes a previous adjudication that the method of service attempted is improper, which adjudication was not appealed from and is thus the law of this case.

Responding to the motion, plaintiff alleges compliance with the provisions of N.C.Gen.Stat. 1–105 and 1–105.1, and in addition points out the following facts appearing in the record: that since the May 26, 1966 service, plaintiff has caused summons and copy of the complaint to be served personally upon the defendant Ellis twice at another new Virginia Beach address, one by a city policeman authorized to serve legal process issuing from the courts of Virginia, the other by a Deputy United States Marshal; it is further shown that in addition to all of the above, plaintiff has employed the alternative method of service provided by N.C.Gen.Stat. 1–107, and that on August 1, 1966, summons and copy of the complaint were delivered to Ellis personally.

## CONCLUSIONS OF LAW

The assertion that the May 26, 1966 service was not made in accordance with Rule 4 of the Federal Rules of Civil Procedure is without merit. The methods of making service on various kinds of defendants are set out in the several subdivisions of Rule 4(d). There are three possible methods of service on individuals under Rule 4(d) (1); by delivering the summons and complaint to the individual personally; by leaving copies of the summons and complaint at defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or by delivery to an agent authorized by appointment or by law to receive process. In addition to the methods set out in Rule 4(d) (1), Rule 4(d) (7) authorizes an alternative manner of service, providing that service on an individual or corporation is sufficient if the summons and complaint are served in the manner prescribed by the law of the state in which the service is made. This authorization

for service is an exception to Rule 4(f), which normally limits service to the borders of the state in which the district court is sitting. Giffin v. Ensign, 234 F.2d 307 (3rd Cir., 1956).

Rule 4(d) (7) obviously contemplates service of process pursuant to long-arm statutes such as N.C.Gen.Stat. 1–105, providing for service upon non-resident drivers of motor vehicles; likewise, N.C.Gen.Stat. 1–105.1, providing for service on residents at the time of the collision who subsequently establish residence outside the state or who depart from the state and remain absent for sixty days or more, is a manner of service authorized by this rule. Therefore, if the requirements of the cited North Carolina statutes are met, service under Rule 4 is valid.

N.C.Gen.Stat. 1–105 provides for service of summonses upon non-resident drivers of motor vehicles by leaving a copy of summons and complaint with the Commissioner of Motor Vehicles, to be forthwith sent to the defendant by registered mail with return receipt requested; it is further provided that if the registered letter is not delivered to the defendant because it is unclaimed, or because he has removed himself from his last known address, service on the defendant shall be deemed completed on the date that the registered letter is returned to the plaintiff or the Commissioner of Motor Vehicles. N.C.Gen. Stat. 1–105.1 provides that the provisions of 1–105 shall also apply to a resident of the state at the time of the accident who subsequently establishes residence outside the state or departs from the state and remains absent therefrom for sixty days or more continuously, whether such absence is intended to be temporary or permanent. The service now under consideration was made pursuant to these statutes, giving the Court jurisdiction over the person of Ellis in either case of residence or nonresidence.

There is, in fact, some question as to the residence of Ellis on the

date of the accident. In the complaint, it is alleged upon information and belief that he was at the time a resident of Raleigh, North Carolina; plaintiff's affidavit of service filed April 18, 1966 and attached to the March 18, 1966 summons (which was quashed on June 1, 1966) states upon information and belief that immediately after the collision, Ellis gave his present address to the investigating officer as Raleigh, North Carolina, but that plaintiff was informed and believed that at that time, he was a resident of Virginia Beach, Virginia; in his June 13, 1966 affidavit of service and compliance with N.C.Gen. Stat. 1–105 et seq., attached to the summons presently being attacked, plaintiff again shows the Raleigh address which Ellis gave the investigating officer; he then states upon additional information that the defendant left the state subsequent to the accident and has been a resident of Virginia and a non-resident of North Carolina continuously since July 1, 1965 (the accident occurred on October 11, 1964). There is ample information in the record to sustain a finding that on October 11, 1964, defendant Ellis was a resident of Raleigh, North Carolina, and that he has since left the state and remained absent therefrom continuously for sixty days or more; indeed, the defendant does not allege any facts to the contrary in his motion to quash. It is the residence of the defendant at the time of the accident which controls in the application of the statutes now under consideration. Bigham v. Foor, 201 N.C. 14, 158 S.E. 548 (1931). Applying the foregoing statutes to the situation at hand, this Court concludes that the substituted service on May 26, 1966, as supplemented by delivery of summons and copy of complaint to the defendant personally on August 2, 1966, was valid. Of course, had Ellis been a non-resident on the date of the accident, service would have been upheld under N.C.Gen.Stat. 1–105.

■ Ellis' complaint that he did not receive sufficient notice of the institution of the action, and did not receive any personal service of any documents is without substance when measured by the applicable statutes and Rule 4(d) (7). Plaintiff has exercised commendable diligence in obtaining service over this highly mobile motorist; in addition to the valid May 26 service, he has continued the chase and three times has caused actual delivery of copies of summons and complaint to Ellis personally at his most recent address discerned subsequent to the substituted service aforementioned, although this is not required by the North Carolina statute.

■ The defendant next contends that the service made under N.C.Gen.Stat. 1–105 and 1–105.1 does not comply with constitutional due process unless the person sought to be served actually receives personal notice of the institution of the action against him. This contention also fails. Since Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091 (1927), upholding a Massachusetts statute almost identical to N.C.Gen.Stat. 1–105, the United States Supreme Court has uniformly held that a state may, in the exercise of its police power, provide that a non-resident motorist using its highways shall be deemed to have appointed a state official his agent to receive service of process in any action growing out of such use, if the statute provides a proper method for notifying the defendant of such service. 1 Barron and Holtzoff, Federal Practice and Procedure (Section 177 (Wright Ed., 1960)). The North Carolina statute has been considered against a constitutional background and upheld as giving adequate notice to the defendant and as a reasonable exercise of jurisdiction. See, e. g., Davis v. Martini, 233 N.C. 351, 64 S.E.2d 1 (1951) and Davis v. St. Paul-Mercury Indemnity Co., 294 F.2d 641 (4th Cir., 1961), the latter case upholding jurisdiction obtained under the statute over a non-resident owner who, although she was never present in the state, had authorized her son to permit third persons to operate the vehicle, and her son had permitted a third person tortfeasor to drive it in North Carolina.

There is equal reason to sustain the validity of N.C.Gen.Stat. 1–105.1. Prior to 1955, a large gap existed in the laws of North Carolina regarding service of process in automobile accident cases; since N.C.Gen.Stat. 1–105 did not apply to *residents,* a resident of the state could leave the jurisdiction subsequent to the accident and avoid service in the *in personam* action in tort. Foster v. Holt, 237 N.C. 495, 75 S.E.2d 319 (1953); Hart v. Queen City Coach Co., 241 N.C. 389, 85 S.E.2d 319 (1955). In 1955, however, the General Assembly remedied the situation by enacting N.C.Gen.Stat. 1–105.1, making N.C.Gen.Stat. 1–105 applicable to residents of the state who leave and remain without the state subsequent to the accident under the circumstances already indicated.

An individual who is personally within the state or domiciled within the state although absent therefrom is subject to the jurisdiction of the state, and a state law providing for service of process upon him is valid if it satisfies the due process requirements of the Fourteenth Amendment by providing a procedure which is reasonably calculated to give him notice of the proceeding and an opportunity to be heard. 1 Barron & Holtzoff Section 177 (Wright Ed., 1960). In Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940), the foregoing principle was applied; the Court held that domicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment by means of appropriate substituted service, provided proper notice and opportunity for hearing were given. Milliken v. Meyer involved state court process under a state statute; nevertheless, such a state statute is clearly within the type contemplated by Federal Rule 4(d) (7). The fundamental requisites of due process are notice and opportunity to be heard, both of which are adequately provided for by N.C.Gen.Stat. 1–105.

It is implicit in the decision in Mullane v. Central Hanover B. & T. Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), as pointed out by Sharp, J., in Harrison v. Hanvey, 265 N.C. 243, 250, 143 S.E. 2d 593, 598 (1965), that "Personal service on a resident outside the state or substituted service at his place of abode is much more likely to be sustained than is constructive service, which, of all the methods, is the least likely to give notice." In this case, the question of whether notice of the action sent by registered mail to the last known address of an individual outside the state who was a *resident* at the time of the accident but which is not delivered due to a move by the defendant without leaving a forwarding address is adequate notice within the requirements of due process is not presented for decision; the plaintiff, having utilized the provisions of N.C. Gen.Stat. 1–107 in addition to the service upon the Commissioner of Motor Vehicles, has provided actual personal notice of the action to defendant by delivery of summons and complaint to him as indicated by the return of service dated August 2, 1966.

The movant further alleges that the service now questioned was made in the same manner as the earlier service which the Court ordered quashed on June 1, 1966, and that such order constitutes a previous adjudication that the method of service presently under consideration is improper, and that no appeal having been taken from the order, it is the law of this case and controlling upon the decision now to be made.

The doctrine of "law of the case" is a discretionary rule of practice, based upon the sound policy that when an issue is once litigated and decided, that should be the end of the matter. United States v. United States Smelting, Refining & Min. Co., 339 U.S. 186, 70 S.Ct. 537, 94 L.Ed. 750 (1950), rehearing denied, 339 U.S. 972, 70 S.Ct. 994, 94 L. Ed. 1379 (1950). Generally a decision by the court on a point in the case becomes the law of the case unless or until

it is reversed or modified by a higher court, but this does not constitute a limitation on the power of the court to disregard or correct a prior ruling which was plainly wrong or where the application of the law of the case will work a manifest injustice. Raylaine Worsteds, Inc. v. United States, 146 F. Supp. 723, 137 Ct.Cl. 54 (1956). The policy of getting a case finally adjudicated, however, is of less weight when, as here, the issue is jurisdictional. See 1B Moore's Federal Practice, par. 0.404 (2nd Ed., 1965).

The present mode of service was effected pursuant to N.C.Gen.Stat. 1–105.1, and the affidavit of service states that it is plaintiff's information that Ellis was a resident of North Carolina until July 1, 1965. In addition, plaintiff supplemented service by employing the alternative manner of service provided for in N.C.Gen.Stat. 1–107. It is concluded that the present service is different in form and in manner from that which was earlier quashed, and that it is valid. The Court does not, therefore, deem it necessary to reconsider its former order; rather, it is decided that the service under attack does not fall within the law of the case established by the previous order, which conclusion is reached particularly in view of the fact that it was entered upon plaintiff's failure to respond within apt time.

## ORDER

It is, therefore, ordered, adjudged, and decreed, that the motion of the defendant, Blair Campbell Ellis, to quash the return of the service of summons is denied.

It is further ordered, that the defendant, Blair Campbell Ellis, shall have 20 days from the date of service of this order in which to file answer or other response to the relief demanded in the complaint. The Clerk shall serve copy upon all counsel of record.